SPIRES v. PRICE.

No. 2225.

Court of Civil Appeals of Texas. Eastland.
Jan. 23, 1942.

Rehearing Denied Feb. 20, 1942.

Upton, Upton & Baker, of San Angelo, and Beall, Beall & Yonge, of Sweetwater, for appellant.

Wilson & Durham, of San Angelo, and Mays & Perkins, of Sweetwater, for appellee.

FUNDERBURK, Justice.

Foster S. Price sued L. R. Spires for specific performance of an alleged written contract for the sale of land and to recover damages. In the contract of sale the land was described thus: "lying and situated in Coke County, Texas, and Nolan County, Texas, being 5 sections in Nolan County, adjoining Secs. 306 and 257 in Coke County, Texas. These two sections being 3 miles east of the town of Old Silver, out of which Seller owns Section 306 and N1/2 of Section 257, Block 2-A, H & T C Ry. Co. Also Secs. 312-323-464-477 and W 1/2 Sec. 465, all in Coke County, Texas, in Block 2-a, H&TC Ry. Co. being and containing about 7040 acres, more or less."

By provision of the contract, Price agreed to assume, as part of the purchase price of $12.50 per acre, "the Federal Land Bank note * * * outstanding against the property, approximately $35,000." The

contract further provided that Seller was "to furnish good, marketable title to said property, which shall be conveyed free and clear of any and all encumbrances except those named herein.

"Purchaser agrees, within ten days from the receipt of said abstract, [sic] either to accept the title as shown by said abstract or to return it to the undersigned *agent*, with written objections to the title * * *." (Italics ours.)

The contract provided for payment of a cash consideration of $5,000 which, it was parenthetically recited, "Purchaser has deposited with the undersigned agent, Mann Com. Co. as part payment, receipt of which is hereby acknowledged by said agent."

The contract recites that L. R. Spires, "Seller", was "acting through the undersigned and duly authorized agent" but further provided that the contract was subject to acceptance by Seller. In addition to the "Purchaser", Foster S. Price, the contract was signed "Arthur Mann, Agent for —————" and under the word "Accepted" was signed "L. R. Spires, Seller." It is deemed unnecessary to set out in this connection other provisions of the contract.

In a jury trial but one issue, and that relating to the claim for damages, was submitted. By the verdict it was found that the reasonable rental value per acre per year was 57¢. The court gave judgment awarding recovery of the land upon conditions evidently deemed to be required by the provisions of the contract and the existing equities, and also awarded recovery of damages which, from calculation, appears to be the sum of $4,016.22. The defendant has appealed.

For brevity, we shall refer to defendant below—appellant here—as "Spires", and to plaintiff—appellee here—as "Price."

■ Spires contends first that the judgment should be reversed because "plaintiff sues for eleven sections of land in its entirety and the written contract in this case only obligates the purchaser to purchase, and the seller to sell, only nine and a half sections of land leaving out of said written contract any obligation to buy or sell section No. 306 and the North half of Section 257, and is, therefore, insufficient under the statute of frauds." If it should be granted that the contract obligated "the purchaser to purchase and the seller to sell only nine and a half sections of land, leaving out of said contract any obligation to buy or sell Section No. 306 and the North half of Sec. 257", as thus contended, it occurs to us that it would not follow, as further contended, that the judgment should be reversed. It would, in that event, appear to be a case where the plaintiff had established his right, but only to something less than the total amount of his claim. So far as Spires would be concerned, the error could be corrected by reformation.

■■ While it is true the description of the land—the part purporting to be the description—was faulty, such description was so aided by other parts of the contract and partial performance thereof as upon the whole, we think, to furnish sufficient means of identifying ten sections and two half sections of land. It is clear from the contract that the land agreed to be conveyed was located in Nolan and Coke Counties; that there were five sections in Nolan County, some part of which at least adjoined sections 306 and 257 of a block survey in Coke County three miles east of the town of Old Silver. The reference to said sections 306 and 257 served a dual purpose, more or less effectively. One purpose was to locate the five sections in Nolan County. The other purpose was to show the intention to include said section 306 and the north half of 257 in the subject matter of the contract, since, if not, why should it have been recited that "Seller owns Section 306 and the N 1/2 of Section 257" and in the same connection "also sections 312–323–464–477 and W 1/2 of Sec. 465" in the same survey and county? True, the survey was stated as Block 2-A H&TC RR Co., but sufficient predicate laid in the pleadings, it was clearly established that instead of Block 2-A was meant Block 1-A, a large block of land lying partly in Nolan and Coke Counties, and necessarily the land existing in the stated relation to the town of Old Silver, and the county line between Coke and Nolan Counties.

■ It should be borne in mind that a description insufficient in a deed to constitute a link in *legal title* may, nevertheless, be sufficient in a contract to convey. R.S. 1925, Art. 1301.

But the validity of the contract here is not dependent alone upon the sufficiency of that part which expressly purports to be a description of the land. If it be conceded

that that was insufficient the land was identifiable by the fact, appearing from the contract, that it was subject to a deed of trust lien to secure about $30,000 owing to the Federal Land Bank which the purchaser agreed to assume. This rendered available in aid of the formal description the description contained in such deed of trust and there is no contention that such description was insufficient.

Further, the contract, properly interpreted, obligated the seller to furnish abstracts of title which was done, thereby, we think, rendering the description in said abstracts available, if necessary, in aid of the description. We therefore, are unable to sanction the contention that the description of the eleven sections of land is so inadequate as to invalidate the contract.

■ As shown in the statement of the case, the cash consideration of $5,000 was stated parenthetically to have been deposited by the purchaser (Price) "with the undersigned agent, Mann Com. Co." as part payment "receipt of which is hereby acknowledged by said agent." When acceptance of the contract was signed by Spires, the legal effect was to acknowledge receipt of the $5,000 by Spires. It is believed to be immaterial, as the evidence shows was the case, that instead of depositing $5,000 in cash with Mann Com. Co.—Spires's agent— a check for $5,000 payable to Spires was accepted as cash, and by common consent left with a bank specified by Spires. The material fact was the payment of $5,000 as cash on the purchase price of the land and subject to the provision for liquidated damages. That the money was by the terms of the contract to be paid to the agent rather than the principal was a matter of the manner of payment presumably in the interest or for the convenience of Spires and, therefore, subject to waiver by him and was waived by his acceptance of a check payable to himself. There was no error, we think, in the action of the court in refusing to submit such immaterial matter as a special issue.

■ One point made is to the effect that the uncontradicted evidence shows that the contract, if any contract was made, was partly oral and partly in writing and being one for the sale of the land is not enforcible under the statute of frauds. We think one answer to this is that the written contract was alone sufficient, and the statute of frauds was not applicable.

■ But a contract partly oral and partly in writing is not because of that characteristic alone necessarily inhibited by the statute of frauds. In the absence of a written contract an oral contract, of which there is sufficient written memoranda signed by the party sought to be charged, may be enforcible. As said by Judge Gallagher in Simpson v. Green, Tex.Com.App., 231 S.W. 375, 378, "When a sufficient memorandum of a prior oral contract has been made and signed and suit for enforcement is brought, it is the oral contract that is enforced, and not the memorandum by which such contract is proved." That conclusion, in our opinion, was a logical deduction from such decisions as Morrison v. Dailey, Tex.Sup., 6 S.W. 426; Fulton v. Robinson, 55 Tex. 401, and Osborne v. Moore, 112 Tex. 361, 247 S.W. 498.

■ Lastly, Spires makes the point that the case should be reversed "because the pleading and evidence raise an issue of fact as to when, if ever, the appellee accepted the title to the land * * * and the date when he so accepted the title * * * being material from the standpoint of the right of possession and damages * * *." The contract provided that possession was to be given "as soon as title has been accepted and deed delivered to Purchaser, however; it is agreed and understood by the parties hereto that if the Seller cannot give possession at the time deed is delivered, then in that event Seller agrees to give possession not later than July 1, 1940." Plaintiff claimed no damages based upon failure of the defendant to give possession prior to July 1, 1940. By its terms the contract shows that it was contemplated that the deal would be closed, and deed passed, prior to July 1, 1940. If, upon July 1, 1940, plaintiff had not accepted the title there was ample evidence to support the conclusion that it was because of defendant's delay in performing his obligations under the contract, and that but for such delay plaintiff would have accepted title prior to July 1, 1940. It is our conclusion that the court did not err in refusing to submit the requested issue and plaintiff is in no position to urge that the damages awarded for his wrongful failure to give possession should date from July 1, 1940 as specified in the contract.

Upon the whole, therefore, we conclude that no error has been shown, and that the judgment should be affirmed. It is accordingly so ordered.