SHARP, J., joins in this opinion.

## BURROWS v. SEALE.
### No. 11936.

Court of Civil Appeals of Texas.
San Antonio.
April 20, 1949.

Rehearing Denied May 25, 1949.

Writ Granted Oct. 5, 1949.

Judgments C. C. A. and Trial Court

Reversed Jan. 4, 1950.

Looney, Clark & Moorhead, Austin, Everett L. Looney, Austin, for appellant.

House, Mercer & Kaine, San Antonio, for appellee.

NORVELL, Justice.

Agnes S. Burrows has appealed from a judgment which specifically enforces a contract executed by her and the appellee, S. W. Seale. The property is described in the judgment by metes and bounds, and consists of a tract of land containing 171 acres situated in Wilson County, Texas.

Trial was to the court without a jury and the principal defense relied upon by appellant, as the defendant below, was the statute of frauds, Article 3995, § 4, Vernon's Ann. Civ. Statutes.

The pertinent parts of the contract here involved are as follows:

"This contract of purchase and sale made this 13th day of October, 1947, by and between Agnes S. Burrows, a feme sole, of the County of Travis, State of Texas, hereinafter called vendor; and S. W. Seale of the County of Wilson, State of Texas, hereinafter called vendee; Witnesseth:

"Vendor agrees to sell and vendee agrees to purchase on the terms and conditions hereinafter provided, the following described land and premises, to-wit:

"171 acres of land out of the M. Calvillo Grant No. 22, Wilson County, Texas. * * *

"Vendor agrees to furnish, within a reasonable time, an abstract of title *to said land brought down to date, showing good and marketable title in vendor*. Vendee shall have a reasonable time, after being furnished such abstract, within which to either accept title or make his written objection to, same. * * *

"Vendor agrees, when the title has been accepted to deliver a good and sufficient general warranty deed conveying said property to said vendee, and vendee agrees, when said deed is tendered, to pay the balance of the consideration."

It was stipulated upon the trial that an abstract was furnished by the appellant to the appellee in accordance with the contract and that the 171 acres of land was correctly described therein and is the same land as that described in the petition. The description of the land contained in the judgment corresponds with that contained in the petition. (It seems that there was an abstract of the title to the property in existence at the time the contract was executed. This abstract was being held by the Federal Land Bank, but was not referred to by number, nor was the abstract company which prepared it mentioned in the contract.)

The evidence shows that appellee accepted the title disclosed by the abstract as being good and marketable; offered to pay the amount stipulated in the contract, and requested that the appellant execute a proper conveyance to him.

It appears that there are two Calvillo grants or surveys in Wilson County, Texas, being Nos. 21 and 22. The tract of land described in the petition and judgment is located in both surveys, and it was stipulated that 171 acres was all the land owned by appellant in said M. Calvillo surveys Nos. 21 and 22—150 acres out of Survey No. 21 containing 4420.40 acres, and 21 acres out of Survey No. 22 containing 177.-10 acres.

If the description, "171 acres of land out of the M. Calvillo grant No. 22 Wilson County, Texas" alone be considered, it is clear that specific performance of the contract could not be decreed. Matney v. Odom, Tex.Sup., 210 S.W.2d 980; Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

There were, however, other provisions of the contract which could properly be considered in arriving at a definite and locative description. Further, at the time specific performance of this contract was sought it had been partially performed. In accordance with the provisions of the agreement the appellant had delivered to the appellee an abstract which showed that she had a good and marketable title to a specifically described 171 acre tract of land situated in Wilson County, Texas. The property referred to as the subject matter of the contract was accurately identified by the appellant herself in the course of the performance of her contractual obligations. In effect, she stated to the appellee that the abstract described the property, that it was evidence of her ownership of the property, and that it was delivered to the appellee in performance of the contract for the sale of the property. The contract calls for the delivery of an "abstract of title to *said land*" and the abstract is made the basis of the acceptance of the title by the appellee. The contract also provides that "vendor agrees, when the title has been accepted to deliver a good and sufficient general warranty deed conveying *said property* to said vendee." It therefore seems clear from the terms of the written contract that the property which is the subject matter of the agreement is the same as that covered by

966

the abstract, and the same as that which (according to the contract) was to be conveyed by the vendor to the vendee. Consequently, recourse for descriptive purposes may be had to the abstract called for in the contract and delivered by appellant to appellee.

■ The statute of frauds does not make void an oral agreement for the sale of land. Unless the statute be invoked by the person sought to be charged therewith, an oral agreement to sell land may be enforced. 20 Tex.Jur. 264. In this case Mrs. Burrows proceeded with the performance of the contract and by her own act in which the appellee had no part, she made certain and definite the identity of the land which she had contracted to sell. After having done so, it seems that no purpose of preventing or suppressing fraud would be served by refusing to enforce the contract.

■ We hold that when an attempt is made to describe a tract of land in a written contract which also provides that the vendor shall deliver an abstract of title showing title to said land to be vested in the vendor, and that thereafter in accordance with said contract an abstract is delivered by the vendor which does show title and the title is accepted and approved by the vendee, the description of the property contained in the abstract may be considered as a part of the description of the contract, and if the description be then sufficient to identify the property, the contract may be specifically enforced as against the vendor despite his plea invoking the statute of frauds.

Appellant contends that the decision of the Supreme Court in Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, supports a contrary holding, and has submitted to us certain extracts from the record in that case certified to by the Clerk of the Supreme Court. The opinion of the Supreme Court does not discuss the particular point here involved and we consequently regard the question as being an open one in this State. When the opinion of the Supreme Court is silent upon a point, it is often an unsatisfactory procedure to indulge in speculation as to the attitude of said Court based upon an incomplete and fragmentary record.

Appellant's position does receive some support from Penn v. Texas Yellow Pine Lumber Co., 35 Tex.Civ.App. 181, 79 S.W. 842, wherein the matter relating to abstracts was raised by demurrer and apparently decided contrary to our holding hereinabove set forth, without discussion of the specific point by the Court of Civil Appeals.

We believe, however, that the better rule is that indicated in Spires v. Price, Tex. Civ.App., 159 S.W.2d 137. In our opinion the general public good would not be served by refusing specific performance under the facts of this case, and it seems that the wording of the applicable statute does not compel such refusal.

From what has been said, it follows that the judgment appealed from should be affirmed. We have considered all of appellant's points, although we have not discussed them separately and in detail. None of them presents a reversible error and they are accordingly overruled.

Judgment affirmed.