RYAN *v.* FREY.

[No. 11,007.    Filed October 12, 1921.]

1. SPECIFIC PERFORMANCE.—*Contract to Exchange Real Estate.* —*Sufficiency of Description.*—In an action for the specific performance of a contract to exchange real estate, descriptions of land as "one hundred and sixty acres of land in Bridgeport township in the State of Illinois known as the Patrick Caney farm," when considered in connection with an allegation in the complaint that Bridgeport township, Lawrence county, Illinois, is the only township of that name in such state, and that there was but one farm in such township known as the "Patrick Caney farm," and "ninety-two acres of land in Johnson township, Knox county, Indiana, being seventy-two acres he now resides on * * * and twenty acres in Johnson township, being the south half of a forty-acre tract now owned by "defendant and another," this twenty-acre tract joining the land of P on the south and east and being all the land owned by said (defendant) in Knox county, *held* sufficiently definite to authorize a decree of specific performance. p. 425.

2. SPECIFIC PERFORMANCE.—*Contract to Exchange Real Estate.* —*Vague and Indefinite Provisions.*—*Right to Relief.*—A provision in a contract for a mortgage on "seventy-two acres, more or less, of land lying north of the public highway," and a "personal note" for $600, *held* too vague and indefinite to support a decree for specific performance without a reformation, there being no recital of the purpose and terms of the note and mortgage. p. 425.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by George L. Ryan against Anthony F. Frey. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William M. Alsop, Gee & Gee* and *Curtis G. Shake,* for appellant.

*James P. L. Weems* and *D. H. Byers,* for appellee.

McMAHAN, J.—Complaint by appellant for the specific performance of a contract for the exchange of real estate. The contract is made a part of the complaint and provides that appellant should convey to appellee by a good warranty deed "one hundred and sixty acres of land situated in Bridgeport township in the State of Illinois known as the Patrick Caney farm, for Seventeen Thousand Six Hundred Dollars," and also pay the sum of $6,000 in cash on delivery of deed, and also taxes due and payable in 1919. Appellee agreed to convey to appellant "ninety-two acres of land in Johnson township, Knox county, Indiana, being seventy-two acres he now resides on and consideration for said seventy-two acres is to be two hundred dollars per acre; and twenty acres in Johnson township, being the south half of a forty acre tract now owned by Anthony Frey and Leo Frey for one hundred and thirty dollars per acre. This twenty-acre tract joining the land of Frank Primus on the south and east and being all the land owned by the said Frey in Knox county, Indiana. Said Frey is to give to the said George L. Ryan a mortgage on seventy-two acres, more or less, of land lying north of the public highway, and to give his personal note to the said Ryan for the sum of six hundred dollars. Said notes to be dated the day of delivery of deeds and to draw interest at the rate of six per cent. payable annually. Said mortgage to run for five years."

The complaint alleges that on the date when said contract was entered into appellant was the owner of certain described lands in Bridgeport township, Lawrence county, Illinois, containing 160 acres, known as the Patrick Caney farm; that there is but one farm known by said name in said township and that Bridgeport township in Lawrence county, Illinois, is the only township of that name in said state; that appellee was the owner of ninety-two acres of land in Johnson township,

Knox county, Indiana; that appellee resided on seventy-two acres of said land; that twenty acres of said ninety-two acres adjoined that of Frank Primus on the east and south and was the south half of a forty-acre tract owned by Leo Frey and appellee, the north half of said forty acres being owned by Leo Frey and south half by appellee, said ninety-two acres being all the land owned by appellee in said county and specifically describing the same.     That by the contract the consideration for appellant's farm was fixed at $17,600 and the consideration for appellee's farm was $17,000; that appellant agreed to pay appellee $7,000 cash, appellee agreeing to give appellant a mortgage for $7,000, to be dated as of the day when the deeds were delivered, to be payable five years from date and to draw six per cent. interest payable annually; which mortgage was to be on seventy acres, more or less, of that part of said Patrick Caney farm lying north of the public highway running through said farm, the provisions for said mortgage being made in order that an incumbrance then on appellee's said land could be removed; that appellee was also to give appellant his personal note for $600; that appellant paid appellee $1,000 at time of making said contract, was ready and willing to perform and had offered to perform his part of said contract, but that appellee had refused and failed to perform.

A demurrer having been sustained to this complaint appellant appeals.

Appellee contends:     (1) That the description of the land which appellant was to convey to appellee, viz.: 160 acres of land in Bridgeport township in the State of Illinois known as the Patrick Caney farm is so indefinite and uncertain that it will require parol evidence to locate and to describe it; (2) that the provision relative to appellant paying the $6,000 and the taxes is uncertain; (3) that the description of the land which.

appellee was to convey to appellant as set out in the third paragraph of the contract is also so indefinite and uncertain that a decree of specific performance cannot be ordered; and (4) that the part of the contract relating to the mortgage which appellee was to give appellant is so vague and uncertain that without reformation cannot be enforced.

Without entering into a discussion of the question or the citation of any authorities, we hold under the allegations of the complaint that the description of 1, 2. the land which each of the parties was to convey to the other is sufficient. But that part of the contract whereby it is provided that appellee is to give appellant a mortgage on "seventy-two acres, more or less, of land lying north of the public highway" and to give his note for $600 is too vague and indefinite, however, to support a decree for specific performance without a reformation.

Appellant alleges that he was to loan appellee $7,000 and that appellee was to secure said loan by a mortgage upon that part of the Patrick Caney farm lying north of a highway running through it. This may be true but there is nothing in the contract as to the purpose of giving said mortgage, whether it is to be given to secure a note or notes, or the amount of them is not mentioned. The contract does provide that appellee shall give his "personal" note for $600, said "note" to be dated of the day of delivery of the deeds. Nothing is said as to when this note is to be mature, although the mortgage is to run for five years. The contract simply provides that appellee shall give appellant "a mortgage on seventy-two acres, more or less, of land lying north of the public highway." This is not sufficiently specific. Under proper averment mistakes in contracts may when sustained by sufficient evidence be reformed and enforced as reformed. But the complaint

now under consideration does not allege any mistake. It does not ask that the contract be reformed. It asks that performance of the contract be enforced just as it is written. This cannot be done. There was no error in sustaining the demurrer.

Judgment affirmed.