## AGNES S. BURROWS V. S. W. SEALE.

No. A-2304. Decided January 4, 1950.
(225 S. W., 2d Series, 966.)

*Looney, Clark & Moorhead, Everett L. Looney* and *R. Dean Moorhead,* all of Austin, for petitioner.

It was error for the Court of Civil Appeals to hold that the property described contained and set forth in the abstract may

be used to cure the insufficient description contained in the contract for the sale of land in question, and in further holding that the contract, as so cured, may be specifically enforced in the face of an appropriate plea of the statute of frauds. Spires v. Price, 159 S. W. (2d) 137; Wilson v. Fisher, 144 Texas 53, 188 S. W. (2d) 150; Starkey v. Texas Farm Mort. Co., 45 S. W. (2d) 999.

*House, Mercer & Kaine* and *R. L. House,* all of San Antonio, for respondent.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

This suit is predicated on an alleged written contract for the sale of realty wherein petitioner, Agnes S. Burrows, was the prospective seller and respondent S. W. (Wiley) Seale was the prospective buyer. The suit was filed by respondent. Exhibit A of his trial petition is as follows:

&ast; &ast; &ast;

"This contract of purchase and sale made this 13th day of October, 1947, by and between Agnes S. Burrows, a feme sole, * * * vendor; and S. W. Seale * * *, vendee:

WITNESSETH:
"Vendor agrees to sell and vendee agrees to purchase, on the terms and conditions hereinafter provided, the following described land and premises, to wit:

"171 acres of land out of the M. Calvillo Grant No. 22, Wilson County, Texas.

&ast; &ast; &ast;

"The total consideration to be paid for said land is the sum of $8550.00 to be paid as follows: $2550.00 cash and the balance of said consideration to be evidenced by one certain promissory note for the principal sum of $6000.00, * * *.

"As earnest money and a part of said consideration vendee has this day deposited with C. H. (Charlie) McDaniel the sum of $500.00, to be held by him in accordance with the terms * * * of this contract.

"Vendee agrees to furnish, within a reasonable time, an abstract of title to said land brought down to date, showing good and marketable title in vendor. Vendee shall have a reasonable time, after being furnished such abstract, within which to either accept title or to make his written objection to same. In the event objections are made to said title, then vendor shall have a reasonable time within which to cure said objections and show good and marketable title.

"In the event of vendor's failure to furnish good and marketable title, the earnest money hereby deposited is to be returned to vendee upon cancellation and return of this contract, or vendee may enforce specific performance of same.

"Vendor agrees, when the title has been accepted, to deliver good and sufficient general warranty deed conveying said property to said vendee, and vendee agrees, when said deed is tendered, to pay the balance of the consideration.

"Should the vendee fail to consumate this contract as specified for any reason except title defects, then vendor is authorized to retain the said cash deposit as liquidated damages for the breach of this contract.

"* * * and this contract is to be consummated on or before January 1st, 1948, at which time possession is to be delivered to vendee."

The foregoing contract was executed and signed in duplicate by the parties the 13th day of October, 1947.

In the second count of his petition respondent Seale sought specific performance of the contract and damages for its alleged breach, the first being for trespass to try title. The decision of the second count will dispose of both.

Petitioner in defending the suit relies primarily on the statute of frauds (Art. 3995, R. C. S.). The trial was before the court without a jury and judgment was entered decreeing specific performance but denying damages. The judgment was affirmed by the Court of Civil Appeals. 225 S. W. (2d) 964.

■ Writ of error was granted under the tentative view that the Court of Civil Appeals erred in holding that the description contained in the abstract mentioned in the written contract for the sale of the land, can be used to cure the insufficient description contained in the written contract; and in further holding that the contract, as so cured, can be specifically enforced in the face of an appropriate defensive plea of the statute of frauds. We adhere, upon final consideration, to our tentative view.

It will be observed that the language employed by the parties for descriptive purposes in the alleged contract is "171 acres of land out of the M. Calvillo Grant No. 22, Wilson County, Texas" (obviously an inadequate description on its face) plus a reference in the contract to a description carried in "an abstract" of title showing good and marketable title in vendor.

This reference, respondent contends, is such as to make the insufficient descriptive language just quoted adequate to meet the requirements of the statute, by consideration of the description in the abstract along with the quoted description.

In adhering to our tentative view we do not hold that an abstract description properly referred to in the written contract can never be used in a suit of this kind, to suplement the contract description. If the contract sufficiently identifies the abstract referred to—as for instance, one bearing a specified number and prepared by a named abstract company, its descriptive language could be used as supplemental to that of the written contract.

In the present case, however, the language of the written contract describing the abstract, contains statements which, when taken with the above quoted description contained in the written contract, imports an element of uncertainty as to what abstract is referred to. It is not clear whether it is to an abstract presently in existence "showing good and marketable title in the vendor," or one that, in event of a stated contingency, will be made to show such title in the vendor.

It would require parol evidence in the present case to show with reasonable certainty that a particular abstract was in existence and was delivered, and would require such evidence to identify it and show that the delivery was referable to the transaction between the parties and was the abstract upon the basis of which they dealt. It is undisputed that Grant No. 21 contains 4,420 acres and that Grant No. 22 in the same county (Wilson) contains 177 acres. The parties stipulated on the trial that the abstract to be furnished by petitioner to respondent for the sale of 171 acres of land contained a correct description of the land and that it was the same 171 acres described in respondent's petition; but made the stipulation subject to petitioner's objection that parol evidence was inadmissible to show it was the same.

■ The opinion of the Court of Civil Appeals points out parenthetically that there was in fact "an abstract" in existence; but the opinion disregards the fact that the abstract mentioned was not designated in the signed agreement with such clearness as would reasonably identify it. Briefly stated, respondent, by parol evidence in attempting to make out his case for enforcing specific performance, ties an abstract description of the property agreed to be conveyed, into the descriptive language of the

written contract in such a way as to make parol evidence the framework or skelton of the agreement to convey.

This is not permissible under the established law. Wilson v. Fisher, 144 Texas 53, 188 S. W. (2d) 150; Greer v. Greer, 144 Texas 528, 191 S. W. (2d) 848; Matney v. Odom, 147 Texas 26, 210 S. W. (2d) 980; Penn v. Texas Yellow Pine Lbr. Co., 35 Texas Civ. App. 181, 79 S. W. 842; Sneed v. Lester, 76 S. W. (2d) 802, wr. ref.; 67 C. J. S. Frauds, Statutes of, sec. 185, p. 672 and Footnote No. 63, p. 673. See also Smith et ux v. Sorelle, 126 Texas 353, 87 S. W. (2d) 703; Starkey v. Texas Farm Mortgage Co. (wr. ref.), 45 S. W. (2d) 999 and Kellner v. Ramdohr, 207 S. W. 169. Thompson v. Griffith, 133 N. E. 596 and Ryan v. Frey, 76 Ind. 422, 132 N. E. 376, are in point in the present case for all practical purposes.

■ Respondent's remaining contention is that he is entitled to specific performance on the ground of reformation of the insufficient description, which he sought under an amended plea of mutual mistake filed by him subsequent to submission of the case to the trial court.

Granting that the amended plea was correctly received and acted upon by the trial court (which we do not find it necessary to determine) there is no evidence that the parties intended when they executed the written contract, to describe the property other than as shown by the language they used in the signed agreement. Certainly there is no clear, exact and satisfactory evidence of a different intention. Sun Oil Co. v. Bennett, 125 Texas 540, 84 S. W. (2d) 447. In this case the holding is:

"The party seeking reformation must of course prove what the true agreement was, but his case is not made by proof that there was an agreement which is at variance with the writing. He must go further and establish the fact that the terms or provisions of the writing which differ from the true agreement made were placed in the instrument by mutual mistake."

If there was a "true agreement" between the parties other than that embodied in the signed written contract it is, as above stated, nowhere shown in the evidence. The only metes and bounds description referred to in the evidence is contained in "an abstract" referred to above, which was not described with reasonable certainty.

This is not one of that class of cases such as Pickett v.

Bishop, 148 Texas 207, 223 S. W. (2d) 222, in which the descriptive language employed is held to be sufficient under the statute because of the use of such words as "my property" or "my land". The language in that character of case is, in itself, without reference to any other instrument, a key or means leading to the identification of the property with reasonable certainty.

■ Our conclusion is, briefly, that the court cannot properly decree specific performance in the present case because the descriptive provisions of the signed agreement or memorandum are set forth therein with such clarity that the land could be located with reasonable certainty without recourse to parol evidence as constituting the framework or skeleton of the alleged agreement to convey.

We therefore reverse and set aside the judgment of the Court of Civil Appeals affirming that of the trial court, and here render judgment in favor of petitioner denying respondent specific performance of the contract. It is further ordered and decreed that the $500 deposit held in escrow by the clerk of the trial court be returned and paid over to the respondent, and that respondent pay all costs.

It is so ordered.

Opinion delivered January 4, 1950.

No motion for rehearing on file.