Raymond THOMASON, Sr., et al., Appellants,

v.

Frank E. RIGNEY, Appellee.

No. 7059.

Court of Civil Appeals of Texas. Texarkana.

May 20, 1958.

Rehearing Denied June 10, 1958.

Bradbury, Tippen & Brown, Abilene, for appellants.

W. F. Bane, Lee S. Bane, Dallas, for appellee.

CHADICK, Chief Justice.

This is a suit for specific performance of a written contract to convey land; or, in the alternative, for damages for its breach. The judgment of the trial court dismissing the suit is affirmed.

Raymond Thomason, Sr., and Raymond Thomason, Jr., doing business as Thomason Partnership, sued Frank E. Rigney, one of the parties described as a "seller" in the contract, but Cora R. Rigney, the joint "seller" therein, was not joined in the suit. The trial court sustained appellee Rigney's special exceptions holding in effect that the land description in the contract sued upon was insufficient to satisfy the requirements of Article 3995, Vernon's Annotated Texas Civil Statutes (Statute of Frauds). The court also sustained exceptions to the measure of damages pled by appellants, but the latter action becomes immaterial under the disposition which is made of the case. The appellants elected to stand upon their original pleading and declined to amend, and the trial court dismissed the suit.

The sales contract in this case [1] has very little to distinguish it from that of Burrows v. Seale, 148 Tex. 411, 225 S. W.2d 966, except that the parties described

[1] "The State of Texas, County of Taylor | By This Agreement and Contract,

"Frank E. Rigney and Cora R. Rigney "As their interests may appear.

hereinafter called Seller, acting through the undersigned and duly authorized Agent, hereby sells and agrees to convey unto Thomason Partnership, hereinafter called Purchaser, the following described property; Lying and situated in Taylor County, Texas, and being One Hundred acres, more or less, in Abstract 466, Survey 95, John C. Donley,

"The purchase price is $57,500.00, payable as follows:
$8,625.00 Cash (of which Purchaser has deposited with the undersigned Agent $5,125.00 as part payment, receipt of which is hereby acknowledged by said Agent):

"The balance is to be paid in ten (10) equal annual installments of $4,887.50 each, the first installment being due on October 1, 1956 and a like installment being due on October 1, of each succeeding year thereafter until the full amount is paid. The vendors lien note is to bear interest at the rate of four (4) per cent per annum, payable annually as it accrues. Said vendors lien note is to be payable on or before; however, payment during the year of 1955 will not exceed twenty nine (29) per cent of the purchase price. Grantor agrees to release any portion of land from the vendors lien when said indebtedness is paid at the rate of $375.00 per acre. Land to be released in tracts of 5 acres or more; said tracts to run contiguously. The said executed note to be secured by Vendor's Lien and Deed of Trust with power of sale and with the usual covenants as to taxes, insurance, and default.

as "seller" in the first paragraph of this contract have a clause following their names reading, "as their interests may appear"; and near the end of the instrument a paragraph labeled "Special Conditions"; also, of course, the description of land differs, it reading: "the following described property; Lying and situated in Taylor County, Texas, and being One Hundred acres, more or less, in Abstract 466, Survey 95, John C. Donley."

Burrows v. Seale, supra, and the many cases cited therein control the disposition of this case and require that the trial court judgment be affirmed.

Appellants allege in their trial petition that appellee Rigney and his co-seller, Mrs. Cora R. Rigney, own only one tract of land in the John C. Donley Survey of Taylor County and now contend that proof of this would make certain the land described in the contract and would meet the requirements of Article 3995. They rely on and seek to invoke the rule discussed in Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 223, there stated in this manner:

"The settled rule in this state is that such a description, by reason of the use in the memorandum or contract of such

"Seller agrees to furnish Complete Abtract to said property, which shall be conveyed free and clear of any and all encumbrances except those named herein.

"If abstract is furnished, Purchaser agrees, within ten days from the receipt of said abstract either to accept the title as shown by said abstract or to return it to the undersigned Agent with the written objections to the title. If said abstract is not returned to the Agent with the written objections noted within the time specified, it shall be construed as an acceptance of said title. If title policy is furnished, Purchaser agrees to consummate the sale within ten days from date title company approves title.

"If any title objections are made, then the Seller or his Agent shall have a reasonable time to cure said objections and show good and marketable title. In the event of failure to furnish good and marketable title, the purchase money hereby receipted for is to be returned to Purchaser upon the cancellation and return of this contract, or Purchaser may enforce specific performance of same.

"Seller agrees when the title objections have been cured, to deliver a good and sufficient General Warranty Deed properly conveying said property to said Purchaser, and Purchaser agrees, when said deed is presented, to pay the balance of the cash payment and execute the note and Deed of Trust herein provided for. Should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain said cash deposits as liquidated damages for the breach of this contract, and shall pay to Agent therefrom the sum of 50% or Seller may enforce specific performance of this contract.

"Taxes for the current rents, insurance, and interest, (if any), are to be prorated to date of closing.

"Seller agrees to pay the undersigned duly authorized agent a commission of 7% in cash for negotiating this sale.

"It is understood and agreed that only ½ of the oil, gas and minerals are conveyed by grantor in this sale and that the remaining ½ of the oil, gas and minerals are retained by grantors. It is agreed that Seller will have said land surveyed by a licensed state land surveyor, and it is agreed that the above purchase price will be adjusted at the rate of $575.00 per acre for the actual acres found in the survey.

Sale to close on or before 6 months at the option of the Seller.

"Executed in triplicate this 1st day of September 195; This contract subject to the acceptance of Seller

Accepted:

"/s/ Frank E. Rigney
Seller

Thomason Partnership
Purchaser

By: /s/ Raymond Thomason, Jr.

/s/ Cora R. Rigney

By Frank E. Rigney

By Carl H. Rucker, Agent for Seller

Agent for W. Willis Real
Estate

By J. D. McGaha".

words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum."

They argue that the words "as their interests may appear" is descriptive of the land when taken in connection with the designation of appellee and Cora R. Rigney as "Seller". Their argument running further that this considered with the other language of the contract is a reference to ownership which furnishes a means, when explained by extrinsic evidence, of identifying the particular land appellee Rigney owned in the Donley Survey of Taylor County, and therefore the sales contract contained a sufficient description under the cited authority to meet requirements of the statute of frauds.

The argument of appellant cannot be sustained because the clause "as their interests may appear" is plainly prospective, not referring to an existing interest at the time the contract was made but to such interest as might appear at the time the transaction was closed without regard to the character of the interest or the time when it may have arisen. See Atlas Reduction Co. v. New Zealand Insurance Co., 10 Cir., 138 F. 497, 9 L.R.A.,N.S., 433. Thus such language is not descriptive of the land. It is not the assertion of a present claim or interest in the fee and therefore does not aid in describing the land by stating its ownership.

The initial wording of the sales contract provides that Frank E. Rigney and Cora R. Rigney are to be called "Seller" throughout the contract. In Wilson v. Fisher, Tex.Com.App., 144 Tex. 53, 188 S.W.2d 150, it is held that it is not a necessary inference that a party who contracts to sell land owns it. To same effect is

Starkey v. Texas Farm Mortgage Co., Tex. Civ.App., 45 S.W.2d 999, wr. ref.

Appellants filed an able and concise brief. Each point of error has been considered and they are each respectively overruled.

The judgment of the trial court is affirmed.