RESERVE LIFE INSURANCE CO.,
Appellant,

v.

Robert Lee GOODLOE, Jr., Appellee.

No. 3576.

Court of Civil Appeals of Texas.

Waco.

Sept. 10, 1958.

Rehearing Denied Oct. 16, 1958.

Joe Bailey Humphreys, Dallas, Griffith & Lumpkins, Waxahachie, for appellant.

Warwick H. Jenkins, Waxahachie, Bill Allen, Houston, for appellee.

McDONALD, Chief Justice.

This is a suit to collect an endowment plan policy of insurance. Parties will be referred to as in the Trial Court. The policy of insurance involved is on the life of the plaintiff, R. L. Goodloe, Jr. In December 1948, when plaintiff was 12 years old, his father, R. L. Goodloe, Sr., applied to defendant Insurance Company for a *"20 yr. end."* insurance policy in the amount of $3,000 on plaintiff's life. (The father and mother were made beneficiaries of the policy but they are now deceased and plaintiff is the sole owner of the policy.)

Pertinent provisions of the policy are:

"No. 302058                    Age 12

"Reserve Life Insurance Company, Dallas, Texas, herein called the Company, hereby agrees to pay Three Thousand Dollars, herein called the Ultimate Face Amount of this policy, at the Home Office of the Company, to Robert Lee Goodloe, Jr., herein called the Insured, on the anniversary of this policy nearest the Insured's 20th birthday, if the Insured be then living and this policy be then in full force, or immediately upon receipt * * * of proof of prior death of the Insured * * * will pay a Death Benefit as herein set forth to Robert Lee Goodloe (Father) and/or Hattie Lee Goodloe (Mother) Beneficiary * * *.

"This policy is issued in consideration of the application herefor, a copy of which is attached hereto, and is made a part hereof, and the payment in advance of *$138.18* as premium for insurance from the date hereof until January 1, 1950, and the further payment of a like amount upon each 1st day of each January each year thereafter until premiums have been paid for *8* full years including the first year, or until the death of the Insured.

*       *       *       *       *       *

"In Witness Whereof this policy has been issued by the Reserve Life Insurance Company at its Home Office in Dallas, Texas, on this January 1st, 1949, which is the effective date of this policy.

"/s/ E. H. Barry /s/ C. A. Sammons
    "Secretary          President
"Countersigned /s/ E. Cooksey
            "Assistant Secretary

*       *       *       *       *       *

"Endowment at age *20*. Premiums payable for *8* years. Non-Participating. * * *"

Plaintiff's suit alleged that he was 20 years of age, had paid the premiums for 8 full years as required by the policy, and that though demand had been made on the Company for the face of the policy, they refused to pay same.

The defendant Insurance Company defended the suit on the ground that the parties to the contract of insurance, Goodloe Sr., and defendant, had intended the policy to be a 20-year endowment contract of insurance, to mature when plaintiff was 32 years of age, and that the policy actually issued was issued as the result of mutual mistake. Trial was to a jury which found 1) $800 to be a reasonable attorney's fee for plaintiff's attorneys; 2) Robert Lee Goodloe, Sr., and defendant Insurance Company, prior to the delivery of the policy to Goodloe, Sr., did not agree that such policy should be an endowment policy for the term of 20 years, which was to be pay-

able to Goodloe, Jr., on the anniversary of his 32nd birthday.

Upon the foregoing verdict the Trial Court rendered judgment for plaintiff for the $3,000 policy, statutory penalty and attorney's fees.

Defendant appeals to this court, contending:

1) Defendant is entitled to a judgment as a matter of law; and that there is no evidence or insufficient evidence to sustain the jury's finding.

2) The Trial Court erred in the admission of certain evidence.

3) The plaintiff's pleadings do not support the judgment or verdict.

4) The Trial Court erred in refusing defendant's motion to open and close argument.

Reverting to defendant's first contention, defendant contends that the provisions of the policy endowing same in 8 years and when plaintiff was 20 years old was actually the mistake of a typist in the organization; that the application for the policy was for a "20 year end." (which defendant contends means to endow after the expiration of 20 years); that the premium charged for the policy, $138.18 per year, was actually the premium normally charged for a policy which endows after 20 years; that the loan value table in the policy makes it clear that it could not be a policy endowing in 8 years; and that judgment should have been rendered for defendant. In this connection defendant further contends there is no evidence or insufficient evidence to sustain the finding of the jury. Defendant argues that the typist's mistake was a mutual mistake in that the agreement as typed up was not the actual agreement the Insurance Company had with Goodloe, Sr., for which reason this court should reform the policy to show the true agreement which they contend was for a policy to endow after 20 years and at a time when plaintiff would be 32 years of age.

■ The policy sued upon, set out in part, supra, we think unequivocally promises to pay plaintiff $3,000 after 8 years, when he reaches 20 years of age. Defendant contends the policy does not reflect the true agreement between plaintiff's father and defendant Insurance Company, and is the result of a mutual mistake. Defendant, so contending, has the burden of proving the true agreement, and that the writing failed to include the true agreement as a result of a mutual mistake. Burrows v. Seale, 148 Tex. 411, 225 S.W.2d 966; Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447.

New York Life Ins. Co. v. Street, Tex. Civ.App., 265 S.W. 397, 400, W/E Ref., is a case very similar to the case at bar. In that case the Insurance Company issued Street a policy of insurance in which the cash surrender value was typed in at some *$600* higher than the amount normally set up by the company for policies of like amount and held for a like period of time. The company filed suit to reform the policy and Street sought recovery of the cash surrender value set out in the policy. The court in affirming the judgment for the policyholder against the Insurance Company for the amount typed into the policy as its surrender value held:

"The mistake on which the action was grounded was not shown to be mutual, but that of the insurance company alone. * * *

"The burden is clearly upon one seeking reformation of a written instrument on that ground to show by clear, convincing, and satisfactory proof that the mistake relied upon was a mutual one."

The record before us reflects that it was the intent of Goodloe, Sr., at the time of taking out the policy herein, to guarantee plaintiff a college education. Plaintiff was 12 years of age at the time of taking out the policy; Goodloe, Sr., was 55 years of age. The record further reflects that Goodloe, Sr., prior to his death, suggested to

plaintiff to talk with defendant's agent about the policy since it was his understanding the policy had matured.

■ The policy on its face shows that the agreement was that it was to endow after 8 years and when plaintiff was 20 years of age; the jury found that the agreement defendant Insurance Company contended to be the true agreement was *not* the agreement. The evidence is ample to sustain the jury's finding. In this connection we have carefully weighed all the evidence and conclude that the verdict is not against the great weight and preponderance of the evidence. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. The most that can be said is that someone in defendant Insurance Company's organization made a mistake. There is no showing whatsoever that the mistake was mutual or shared in in any wise by plaintiff or his father. In fact it is more logical to believe that the mistake made by the Insurance Company was in not charging enough premium than to believe the mistake was in endowing the policy in 8 years rather than in 20 years. In any event, under the authorities cited, defendant had the burden of proving that the mistake was mutual, by clear, convincing, and satisfactory proof, and this burden defendant failed to discharge.

■ Defendant's second contention is levelled at the admission of certain testimony. Plaintiff introduced evidence that Goodloe, Sr., thought the policy he was taking out was an 8-year endowment policy to mature when plaintiff was 20 years of age, and that Goodloe, Sr., intended to buy an education policy. This testimony was as to statements made by the deceased Goodloe, Sr., in the presence of witnesses, bearing on his state of mind at the time of the making of the contract. We think this material to the issue of whether there was a mutual mistake as contended by defendant Insurance Company. Defendant contends the testimony was hearsay. We think the testimony admissible under the "state of mind" exception to the hearsay rule. See: Southland Life Ins. Co. v. Greenwade, Tex.Civ.App., 143 S.W.2d 648 (W/E granted on another point and cause affirmed 138 Tex. 450, 159 S.W.2d 854); Prater v. Traders & General Ins. Co., Tex.Civ.App., 83 S.W.2d 1038; Roberts v. Miller, Tex.Civ.App., 30 S.W. 381; Ashby v. State, Tex.Civ.App., 283 S.W.2d 270; Hamburg v. Wood, 66 Tex. 168, 18. S.W. 623.

■ Defendant's third contention is that plaintiff's pleadings do not support the verdict and judgment in this case. We have carefully examined the pleadings and conclude that the pleadings are sufficient.

■■ Defendant's fourth contention is that the Trial Court erred in not permitting defendant to open and close argument to the jury. This contention is predicated on the fact tht defendant having plead mutual mistake as a defense to the written contract had the burden of proving such. Plaintiff herein had the burden of proof on Issue No. 1 and Issue No. 4. Rule 266, Texas Rules of Civil Procedure, provides that, except as provided by Rule 269, the plaintiff shall have the right to open and conclude argument unless the burden of proof on the *whole case* rests on the defendant. In the case at bar defendant did not have the burden of proof on the *whole case*, hence under Rule 266, T.R.C.P., plaintiff had the right to open and close. If we be mistaken in the foregoing, the error, if any, was harmless. See Rule 434, T.R.C.P.

From the foregoing it follows that all of defendant's points and the contentions thereunder made are overruled, and the judgment of the Trial Court is affirmed.

HALE, J., not participating.