Eugene C. JONES and Della Mae Jones, Appellants,

v.

Jared L. KELLEY, Sr., Olga E. Kelley, and Veterans Land Board, Appellees.

No. 8448.

Court of Civil Appeals of Texas, Beaumont.

July 3, 1980.

Rehearing Denied July 24, 1980.

Thomas F. Rugg, Robert E. Barron, Port Arthur, for appellants.

Bernard L. Hebinck, Houston, for appellees.

CLAYTON, Justice.

Appellees, Jared L. Kelley and wife, Olga Kelley (Kelley) and the Veterans Land Board (VLB) filed this suit against appellants, Eugene C. Jones and wife, Della Mae Jones (Jones) for specific performance of certain earnest money contracts for the sale of a certain tract of land in Shelby County.

Trial was to a jury, and, based upon its verdict, a judgment was entered decreeing specific performance from which judgment Jones appeals.

Jones owned a tract of land in Shelby County consisting of what was originally believed to be 127.5 acres, but which was determined by the jury to be 116 acres. There is no dispute over the actual acreage found by the jury. This tract was listed for sale with a real estate agent. Kelley, a veteran, desired to purchase this land and secured the aid of the VLB to assist him in making the purchase of this particular tract. Jones, desiring to sell this entire tract or acreage, cooperated fully with Kelley in the financing arrangements with the VLB. This arrangement was, as stated in Jones' brief, that "[t]wo earnest money contracts and [the VLB's] Application and Contract for Sale were required to close this transaction because [Jones was] willing to assist [Kelley] in purchasing their land by financing part of the purchase. . . . [I]t was agreed among the parties that [VLB] would purchase part of [Jones'] property for cash, sell same to [Kelley], on Contract for Deed, and [Jones] would sell the remainder of the property to [Kelley] for a small amount of cash plus a note executed by [Kelley], secured by the property sold to [Kelley]. [Jones] would not retain a lien, or have any further title to, the land conveyed directly to the [VLB]."

This entire transaction was completed by the execution of four written instruments, consisting of two earnest money contracts, an Application and Contract of Sale—Veterans' Land Program—and an affidavit of Jones. These instruments are as follows:

1. An earnest money contract wherein Jones agrees to sell to Kelley, for the sum of $400 per acre, in cash, the premises described as the property "[l]ying and situated in the State of Texas, County of Shelby, and described as follows:

   "36 acres out of the W. W. Wagstaff Survey, A–796 in Shelby County, Texas." This contract acknowledged that the "[p]urchaser has made application

to purchase through Texas Veteran Land Board and has been assigned # 03147."

This contract also provides "[s]eller to furnish current survey by registered Surveyor as required by Veteran Land Board."

2. An earnest money contract wherein Jones agrees to sell to Kelley the premises described as:

"91.55 Acres out of the W. W. Wagstaff Survey A–796 and D. G. Green Survey A–263, in Shelby County, Texas" for a consideration of $400 per acre, with a cash payment of $5,493, and "[p]urchaser to make Note & Deed of Trust in favor of Seller" for the balance of the purchase price.

This contract provides that "[s]eller to furnish current survey by certified Surveyor," and "[t]his contract to be closed in conjunction with 36 Ac Vet Land Bd contract # 03147."

3. "Application and Contract of Sale— Texas Veterans' Land Program," providing that, with reference to the 36 acre tract, Jones "shall attach hereto a field note description of the above referenced property. . . ." This instrument also contained provisions wherein Jones' knowledge of and cooperation with the financing plan with VLB were clearly shown.

4. "Affidavit of Seller—Veterans Land Board of Texas" wherein Jones aver that they were the sellers of the described 36 acre tract, and that such tract "is a part of 127.55 acres that I purchased from C. Balsimo on May 1970 for a total consideration of $10,-000.00. . . . A surveyor field note description of an access easement is being furnished."

Kelley, in relying upon their agreement with Jones, expended the total sum of $6,181.40 for survey fees, escrow payments, and fees and payments to VLB.

Jones' first point complains of error in requiring specific performances of the two contracts because said contracts are "violative of the Statute of Frauds." Jones contends that the description contained in the earnest money contracts are "legally insufficient to satisfy the Statute of Frauds, *Tex.Bus. & Comm.Code, Sec. 26.01*." The thrust of their argument is that the description of the 36 acre tract contained in one of the contracts is insufficient and as authority cites several cases including *Tidwell v. Chesier*, 265 S.W.2d 568 (Tex.1954); *Thomason v. Rigney*, 314 S.W.2d 450 (Tex.Civ.App.—Texarkana 1958, writ ref'd n.r.e.); *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972). If the only instrument involved in this litigation was the contract involving the 36 acre tract, we would agree with this contention. However, such is not the fact.

■ It is a well established rule that written contracts executed in different instruments whereby a single transaction or purpose is consummated are to be taken and construed together as one contract. *Veal v. Thomason*, 138 Tex. 341, 159 S.W.2d 472, 475 (1942); *Board of Ins. Com'rs v. Great Southern Life Ins. Co.*, 150 Tex. 258, 239 S.W.2d 803, 809 (1951); *Hutson v. Lacey*, 440 S.W.2d 717 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ); *Libby v. Noel*, 581 S.W.2d 761 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.). Furthermore, in such a case, the several instruments constitute and are treated as but one contract. *Braniff Investment Company v. Robertson*, 124 Tex. 524, 81 S.W.2d 45 (Tex.Com.App. 1935, opinion adopted); *W. B. Dunavant and Company v. Southmost Growers, Inc.*, 561 S.W.2d 578 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ The undisputed facts in the case at bar, as admitted by Jones in their brief, are that they, Jones, agreed to sell and Kelley agreed to purchase for $400 per acre a certain tract of land owned by Jones, in Shelby County. The entire acreage in this tract was 116 acres. It was Jones' intention to sell this entire tract. They knew of and intended fully to cooperate with Kelley in the financing plan with the VLB. The parties had only one single transaction in mind and that was for Jones to sell and Kelley to purchase this entire acreage which was all the land owned by Jones in Shelby County.

We, therefore, construe all the written instruments executed by the parties as one contract.

■ The question before us is whether the description of the tract of land, when the four instruments are construed together as one contract for the sale of one tract of land, is legally sufficient so as to satisfy the Statute of Frauds. The earnest money contract, when construing the four instruments as one contract, and the undisputed facts in the record before us provide that Jones has agreed to sell all the land owned by them in Shelby County; all such land was conveyed to them by C. Balsimo and that all such land is described by the deed from Balsimo to Jones out of the W. W. Wagstaff Survey A–796 and D. G. Green Survey A–263 in Shelby County, Texas, and such description, by metes and bounds, is in evidence. Jones identifies such land, by affidavit to VLB, that they are the owner of all such land. These undisputed facts are practically the same, insofar as the description of the property is concerned as those in *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222 (1949). In *Pickett v. Bishop*, supra, 223 S.W. at 223, the property involved was described as "20.-709 acres out of John Stephens 640 acre survey in Tarrant County, Texas." It was described by the owner (seller) as "my property." The Supreme Court states that such a description, "by reason of the use in the memorandum or contract of such words as 'my property' . . . is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum." When the seller is stated to be the owner of the property to be conveyed, and it is proved that the seller owns only a single tract answering the description, the land is identified with reasonable certainty. *Kmiec v. Reagan*, 556 S.W.2d 567 (Tex.1977). Based upon these authorities and the undisputed facts in the record, we hold the description of the land in the earnest money contract is sufficient to satisfy the Statute of Frauds. This point is overruled.

Jones' third and fourth points of error are based upon the fact that "there was no jury findings that the Plaintiff [Kelley] and Defendants [Jones] . . . were mutually mistaken in the belief that the description used [in the two earnest money contracts] was legally sufficient." These points, as stated in Jones' brief involve the "determination of the central issue of reformation of contracts on the theory of mutual mistake." In our view as to the sufficiency of the description of the property, as expressed in our disposition of the first point of error, such a jury finding would be immaterial. These points are overruled.

■ The judgment entered by the trial court, in its entirety, decreed specific performance of the contract to sell all the land intended to be sold by Jones. The total number of acres in the entire tract was 116 acres. Jones is to receive the agreed price of $400 per acre. Pursuant to the judgment, the total acreage was computed to be 116.1435 acres. In accordance with the judgment, Jones would actually be paid for .1435 acres in excess of the actual acreage as determined by the jury. Thus, Jones has not sustained any loss as a result of the reformation of the contracts. If there was error, which we do not hold, then such was harmless error, and would not require a reversal.

We have considered and overrule Jones' remaining points of error as being without merit.

Kelley and VLB have appealed from that part of the judgment denying them recovery for costs of a certain survey and attorney's fees.

■ Complaint is made that the trial court erred in failing to require Jones to pay for the survey of the 91.55 acre tract. This point is overruled. There are no pleadings or prayer for such relief. The pleadings refer to the cost of the survey on the "35.5 acres" but not to a survey of the 91.55 acre tract. These are two separate surveys. Pleadings are sufficient under the Rules of Civil Procedure if they give fair and adequate notice to the adversary. *Kissman v.*

*Bendix Home Systems, Inc.*, 587 S.W.2d 675 (Tex.1979). The pleadings as to this survey do not give fair and adequate notice of the claim for the cost of such survey.

Kelley and VLB further complain of the error by the trial court in granting that portion of "Appellants' Motion for Judgment Non Obstante Veredicto" which denied them recovery for attorney's fees. To recover attorney's fees under *Tex.Rev.Civ. Stat.Ann. art. 2226* (Vernon Supp.1980) the burden of proof is on the plaintiff to plead and prove presentment and failure to satisfy the claim within thirty days. *W. G. Tufts & Son v. Herider Farms, Inc.*, 485 S.W.2d 300 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.). Filing of a suit is not a presentment of claim within the meaning of *article 2226.* *Stark Roofing Co., Inc. v. Wm. Cameron & Co., Wholesale*, 500 S.W.2d 874 (Tex.Civ.App.—Waco 1973, no writ); *Huff v. Fidelity Union Life Insurance Company*, 312 S.W.2d 493, 500 (Tex.1958); *El Paso Moulding & Manufacturing Co., Inc. v. Southwest Forest Industries, Inc.*, 492 S.W.2d 331, 334 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.). Kelley did not plead such a presentment or demand for compliance with the contract of sale and failure to comply within thirty days has not pointed out anything in the record which purports to be any such presentment and failure to timely perform. This point is overruled.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.