# NO. 12-17-00222-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARISSA ROBERTS,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *MARY ALICE YARBOROUGH ,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Charissa Roberts appeals from an adverse summary judgment rendered in her breach of contract suit against Mary Alice Yarborough. In two issues, Roberts contends the trial court erroneously determined that the lease at issue violated the statute of frauds and that her evidence is inadmissible. We affirm.

## BACKGROUND

On May 1, 2014, Roberts and Yarborough signed a document entitled "Texas Residential Lease Agreement." Under the terms of the lease, Yarborough leased her property to Roberts for $1.00 per month for 100 years. The following year, Roberts learned that a private investigator, William Dear, at Yarborough's request, changed the locks on the gates and buildings and installed signs and surveillance cameras on the property. Yarborough, through her attorney, demanded that Roberts and her husband "not enter upon any property owned by" Yarborough.

Roberts sued Yarborough for breach of contract, and she sued Dear for trespass and tortious interference. Yarborough countersued Roberts for breach of fiduciary duty while she acted under power of attorney for Yarborough. She also asserted claims for conspiracy to breach fiduciary duty, fraud, conspiracy to commit fraud, and suit on a promissory note against Roberts and her husband Charles Roberts.

Yarborough filed a motion for summary judgment asserting entitlement to judgment as a matter of law on Roberts's breach of contract claim against her. She argued that the lease's description of the property does not satisfy the statute of frauds, and the lease is therefore void. In her response, Roberts argued that Yarborough failed to meet her burden and that there is a fact issue on the sufficiency of the description. In support, she presented the affidavit of Charles Roberts in which he explained that he conducted internet searches which led him to Henderson County records including descriptions of the property covered by the lease. Yarborough objected to certain paragraphs of the affidavit. The trial court sustained the objections and granted Yarborough's motion for summary judgment. A few months later, the trial court severed the cause of action asserted by Roberts against Yarborough, making the summary judgment final as to the breach of contract cause of action. This appeal ensued.

## STATUTE OF FRAUDS

In her first issue, Roberts contends the trial court erred in finding there was no genuine issue of material fact as to whether the lease satisfied the statute of frauds. She asserts the lease provides the means to identify the subject property with reasonable certainty, utilizing permissible extrinsic evidence.

In her second issue, Roberts asserts that the trial court erred in excluding her summary judgment evidence because the lease referred to surveys. She argues that she is entitled to use extrinsic evidence to locate the surveys.

### Standard of Review

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of the cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once the defendant establishes her right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 439 S.W.3d 571, 575 (Tex. App.—Houston [14th Dist.] 2014, no pet.). To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could do so, and

disregarding contrary evidence unless reasonable jurors could not. ***Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding***, 289 S.W.3d 844, 848 (Tex. 2009). The evidence raises a genuine issue of fact if reasonable and fair minded jurors could differ in their conclusions in light of all the summary judgment evidence. ***Goodyear Tire & Rubber Co. v. Mayes***, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

We review the trial court's determination of the admissibility of evidence for an abuse of discretion. ***Roth v. JPMorgan Chase Bank, N.A.***, 439 S.W.3d 508, 512 (Tex. App.—El Paso 2014, no pet.). The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241–42 (Tex. 1985).

## Applicable Law

The sufficiency of the legal description in any instrument transferring a property interest is a question of law and subject to a de novo review. ***Dixon v. Amoco Prod. Co.***, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied). The statute of frauds requires that all contracts for the lease of real estate for a term longer than one year be in writing and signed by the person charged. TEX. BUS. & COM. CODE ANN. § 26.01(West 2009). A deed or contract to convey land must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. ***Broaddus v. Grout***, 258 S.W.2d 308, 309 (Tex. 1953). If there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the instrument to identify the particular property to the exclusion of others, the description will be held sufficient. ***Maupin v. Chaney***, 163 S.W.2d 380, 383 (Tex. 1942). Extrinsic evidence may be considered, but only for the purpose of identifying the property with reasonable certainty from the data contained in the contract, not for the purpose of supplying the location or description of the property. ***Pick v. Bartel***, 659 S.W.2d 636, 637 (Tex. 1983). Thus, the extrinsic evidence referred to must operate to clarify the conveyance. ***Reiland v. Patrick Thomas Props., Inc.***, 213 S.W.3d 431, 437 (Tex. App.−Houston [1st Dist.] 2006, pet. denied). The essential elements of the contract may never be supplied by parol. ***Wilson v. Fisher***, 188 S.W.2d 150, 152 (Tex. 1945).

"If the contract sufficiently identifies the abstract referred to-as for instance, one bearing a specified number and prepared by a named abstract company, its descriptive language could be used as supplemental to that of the written contract." ***Burrows v. Seale***, 225 S.W.2d 966, 968

3

(Tex. 1950). Likewise, where a survey is adequately referred to, it is usually to be construed as a part of the instrument conveying an interest in property, and the information in the survey is considered to be part of the description of the land conveyed. *See* ***Brown v. Chambers***, 63 Tex. 131, 135 (1885). If the document at issue fails to describe a definite tract of land, it is void. *See* ***AIC Mgmt. v. Crews***, 246 S.W.3d 640, 645 (Tex. 2008).

## Analysis

The property description in the lease is as follows:[1]

CR 2100, Acres 74.019, Lot TR 3 AB 91 Wm Beven Sur. Tr 3
CR 2100, Acres 144.343, Lot TR 3 AB 452 W Lemday Sur Tr 3
CR 2100, Acres 4.291, Lot TR 18A AB 394 H Jeffries Sur Tr 18A

Notably missing from the description is any reference to a town, county, state, a street address, or a particular name of the property involved. *See* ***Wilson***, 188 S.W.2d at 152. Roberts infers that the land lies in Texas and that the surveys which describe the property more fully can be located. However, the description necessary to meet the requirements of the statute cannot be arrived at from tenuous inferences and presumptions of doubtful validity. ***Rowson v. Rowson***, 275 S.W.2d 468, 471 (Tex. 1955). Only through a series of inferences does Roberts arrive at the conclusion that the property is described with reasonable certainty. ***Id***.

Although "Texas" is included in the title of the document, it would be conjecture to say the leased property lies in Texas. Moreover, the lease does not identify the county whose records should be reviewed to locate surveys. Further, there is no evidence that the surveys or abstracts are on file anywhere. Additionally, the lease does not state that it covers all acreage in each survey or all property owned by Yarborough. *See* ***MacLane v. Smith***, 198 S.W.2d 493, 493 (Tex. Civ. App.−Fort Worth 1946, writ ref'd n.r.e.) (contract description included "so many acres out of a certain survey, giving the abstract number, and the county and state where the land is situated" but description held insufficient because evidence showed each survey contained more land than was described to be conveyed); ***Miller v. Pullman***, 72 S.W.2d 379, 382 (Tex. Civ. App.−Galveston 1934, writ ref'd) (holding that a description in a deed describing the property as all of the lands or interest in lands belonging to the grantor is sufficiently definite to

---

[1] The copies of the lease in the appellate record are not entirely legible. For the purpose of discussion, we recite the description as it is stated in Charles Roberts's affidavit. It is included in a paragraph that was unobjected to by Yarborough.

4

constitute a valid description of the property which is shown by extrinsic evidence to have belonged to the grantor at the time of the conveyance).

While the description includes references to abstracts and named surveys, the abstracts and surveys were not designated in the lease with such clearness as would reasonably identify them. *Burrows*, 225 S.W.2d at 968. Thus, the lease does not refer to an existing writing by which the land may be identified with reasonable certainty. *See Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 909 (Tex. 1982). The land could not be located with reasonable certainty without recourse to parol evidence to show that the named surveys not only exist in a particular county, but also that they were the surveys referenced in the lease. *See Burrows*, 225 S.W.2d at 968.

Here, essential elements of the property description in the lease are left to inference or to be supplied by parol. *See Pick*, 659 S.W.2d at 638; *Wilson*, 188 S.W.2d at 152. Roberts impermissibly attempts to make parol evidence the framework of the lease agreement. We conclude as a matter of law that the property description in the lease is inadequate because it does not provide the means or data by which the particular land to be conveyed may be identified with reasonable certainty. *See Broaddus*, 258 S.W.2d at 309. The trial court did not err in determining that Yarborough established that the lease is void for failure to satisfy the statute of frauds. *See id*. We overrule Roberts's first issue.

Regarding issue two, in his affidavit, Charles Roberts explained that he conducted internet searches for the surveys named in the lease, together with the term "Texas." The search results connected the surveys to Henderson County. He then searched the Henderson County tax records for property owned by Yarborough and found tracts matching the descriptions of those in the lease.

The rule for the admissibility of extrinsic evidence to aid in descriptions for the conveyance of land is that a resort to extrinsic evidence is not for the purpose of supplying the location or description of land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum. *Morrow v. Shotwell*, 477 S.W.2d 538, 541 (Tex. 1972). Here, the internet searches supplied the critical information that the property is in Henderson County. Therefore, the trial court correctly excluded Roberts's summary judgment evidence. *See Roth*, 439 S.W.3d at 512. We overrule Roberts's second issue.

## DISPOSITION

Having overruled both of Roberts's issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 31, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2018

NO. 12-17-00222-CV

**CHARISSA ROBERTS,**
Appellant
V.
**MARY ALICE YARBOROUGH,**
Appellee

Appeal from the 173rd District Court
of Henderson County, Texas (Tr.Ct.No. CV16-0039-173-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of the court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **CHARISSA ROBERTS**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*