## O'HERIN v. NEAL et ux.

### No. 4273.

Court of Civil Appeals of Texas. Texarkana.
Dec. 1, 1932.

Rehearing Denied Dec. 15, 1932.

Campbell, Lee, Taylor & Leak, of Longview, for appellant.

George Prendergast, of Marshall, and Edwin Lacy, of Longview, for appellees.

BLALOCK, Chief Justice (after stating the case as above).

Appellant presents as grounds for reversal the action of the court in holding the contract inadequate and insufficient to form the basis of an action for specific performance. The contract reads as follows:

"I am to pay H. T. Neal $750.00 for one-fourth interest in royalty.
"[Signed] P. T. O'Herin.

"I will deliver to P. T. O'Herin for $750.00 J. Z. Form without change a royalty deed for one-fourth interest in 41½ acres laying northwest of Kilgore, Texas, and joining the West Daniel Land.
"[Signed] H. T. Neal.
"Same to be executed on or before 2/23/1931."

It will be noted that the instrument is not dated. It has no caption, is not acknowledged, and does not otherwise indicate when or where it was executed. It carries no field note description, and does not name the headright, the county, or the state within which the land referred to is located. It does not indicate whether it refers to land which Neal owned in fee, or to land upon which he happened to own mineral or royalty rights. The instrument within itself does not describe any land, nor does it furnish a key by which the land may be identified. It does not state in what county Kilgore is located, and we presume the fact would have been proven if Kilgore had been an incorporated town in this state. Cassidy-Southwestern Commission Company v. Chupick Bros. (Tex. Civ. App.) 225 S. W. 215.

To form a proper basis for a suit for specific performance, a contract should be sufficiently definite and specific in its terms to reasonably define within itself the rights of the respective parties thereto. A prayer for specific performance of a contract for the sale of land, or interest in land, will not be heard unless the contract describes the land to be conveyed, or within itself furnishes the key or means by which the land may be identified. Patton v. Rucker, 29 Tex. 409; Jones v. Carver, 59 Tex. 293; Whitehead v. Reiger (Tex. Com. App.) 6 S.W.(2d) 745. Resort to extrinsic evidence where proper at all is for the purpose of identifying the land from data given in the contract, and not for the purpose of supplying the location or description. Higgins v. Bankers' Mortgage Company (Tex. Com. App.) 13 S.W.(2d) 683.

We believe the contract of sale involved in this case and quoted above is void for patent ambiguity, and that the trial court did not err in excluding it.

The judgment below is therefore affirmed, and all costs adjudged against the appellant.