**CITY OF AUSTIN, Appellant,**

v.

**Emile JAMAIL, Appellee.**

**No. 12594.**

Court of Civil Appeals of Texas, Austin.

July 20, 1977.

Rehearing Denied Sept. 7, 1977.

Jerry L. Harris, City Atty., John Meinrath, Asst. City Atty., Austin, for appellant.

E. Richard Criss, Jr., Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

SHANNON, Justice.

Appellant, City of Austin, appeals from a summary judgment entered by the district court of Travis County in favor of appellee, Emile Jamail, in a trespass to try title suit. The land involved is a two hundred foot strip situated near Camp Mabry and located in what is now known as "Mo-Pac" Boulevard. We will affirm the summary judgment.

Both appellant and appellee claim record title to the land, and both parties derive title from a common source, George Hancock.

Appellee's summary judgment proof consisted of certified copies of the instruments in his chain of title. The initial instrument in appellee's chain of title is a deed from Lewis Hancock, sole heir of George Hancock, to "Chas. Wm. Diesen and Elza C. Diesen his wife." That deed was executed on January 8, 1885. In an effort to avoid summary judgment, appellant answered appellee's motion. Appellant's opposing proof consisted of certified copies of the instruments in its chain of title. The initial instrument in appellant's chain of title is a deed dated October 11, 1876 from George Hancock to the International & Great Northern Railroad.

Appellant's title is superior if the description in the 1876 deed from Hancock to the railroad was sufficient to satisfy the requirements of the Statute of Frauds, Tex. Bus. & Comm. Code Ann. § 26.01 (1968), to convey the fee simple title to the land described therein. If the description in that deed was sufficient, the summary judgment will be reversed. If the description in that deed was not sufficient to convey fee simple title, appellee holds superior title, and the summary judgment will be affirmed.

The description in the Hancock deed is set out below:

". . . a strip of land Two Hundred feet in width over the tracts of land particularly described as follows: viz: a tract in Travis County, known as a part of the Daniel Gilbert ⅓ of a league of land, lying Northwest from the City of Austin. Said Company are [*sic*] to construct Cattle Guards at each fence crossed, so as to protect the farm from entrance of stock; . . ."

To satisfy the Statute of Frauds, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (1945); *Pickett v. Bishop,* 148 Tex. 207, 223 S.W.2d 222 (1949); *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972).

An examination of the description reveals that the land involved is a strip two

hundred feet wide located in Travis County northwest of the City of Austin across a tract of land known as a part of the Daniel Gilbert ⅓ of a League.

Nothing else in the description identifies the tract intended to be conveyed and there are no other references in the deed with respect to the strip of land which would assist one in locating the tract on the ground. From the description one cannot determine the point of beginning of the tract, the length of the strip, or the direction which any side of the tract is to run.

In our opinion the description in the deed is wholly insufficient to identify the land, and the deed does not furnish within itself the means or data by which the particular land conveyed may be identified with reasonable certainty.

The summary judgment is affirmed.