**Walter BARTEL and wife, Celine Bartel, Appellants,**

v.

**Edward PICK and wife, Leona Pick, Appellees.**

**No. 2–82–028–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 24, 1982.

Stark, Barnhart & Morris and Richard S. Stark, Gainesville, for appellants.

Nancy Ondrovik Williams, Gainesville, for appellees.

Before MASSEY, C.J., and HOLMAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

Appellant, Walter Bartel and wife, Celine, appeal from a judgment decreeing an easement in favor of the appellees, Edward Pick and wife, Leona, upon appellant's land and granting injunctive relief to the appellees.

We reverse and render.

In August 1971, the Andrew Truebenbachs owned two adjacent farms, one containing 165 acres and the other, 25 acres.

On August 20, 1971, the Truebenbachs conveyed by warranty deed the 165 acre tract to the appellees. The last sentence in the deed, which precedes the habendum clause, reads:

"Grantors also guarantee grantees, their heirs and assigns, a right-of-way across the 25 acre tract sold to Walter Bartell (sic)." (Correct spelling of Appellant's name: "Bartel")

On August 25, 1971, the Truebenbachs conveyed by warranty deed the 25 acre tract to the appellants. The last sentence in that deed, which precedes the habendum clause, reads:

"There is also a further stipulation this conveyance directs that the grantors are designating that a right of way for a road shall be allowed to be had through and over said 25 acres at a location which will least interfere with the use of the twenty five acres, so that the owner of a certain 165 acres which joins this tract, being Tract No. 3, of the said John W. Littleton survey, shall always have a means of ingress and egress to and from said 165 acres, so to be used so as not to obstruct the general use of said 25 acres ..."

Trial was had before a jury. A single special issue was submitted and answered as follows:

Special Issue No. One:

'Do you find from a preponderance of the evidence that the deed from Andrew Truebenbach, et al., to Ed Pick granted an easement along the existing roadway located generally along the east boundary line of the twenty-five acre tract con-

veyed to Walter Bartel by Andrew Truebenbach, et al.?

Answer: 'We do or 'We do not'

Answer: 'We do'."

In response to the special issue, the trial court entered a judgment decreeing an easement across the 25 acre tract.

Over strenuous objections by the appellant's attorneys, the deed to the 25 acre tract was introduced into evidence along with parol evidence concerning a roadway over the 25 acre tract running North and South along and with its East boundary line. The judgment recites that this is the easement across the 25 acre tract granted to appellees.

The appellees plead as their sole basis of recovery, an express easement contained in the deed to the 165 acre tract.

This case is before us upon fourteen points of error.

From the outset, we are faced with the dilemma of determining whether the deed to the 165 acre tract actually contains a word of "grant" conveying an easement. The term "guarantee" is not a word of grant in the traditional sense of conveyance of interests in real property. Moreover, the reference to a right-of-way across the 25 acre tract "sold" to appellants, the Bartels, leaves the impression that the grantors, the Truebenbachs, had disposed of their interest in the 25 acre tract before their conveyance of the 165 acre tract to the appellees and therefore did not have the paramount right to grant an easement in the 25 acre tract. *Drye v. Eagle Rock Ranch Inc.,* 364 S.W.2d 196 (Tex.1962).

We hold as a matter of law that there was no grant of an easement in the deed to the 165 acre tract of land.

An additional vice in the case sub-judice, as urged by appellants, is the admission into evidence of the deed to the 25 acre tract and parol evidence concerning the existence and use of a right-of-way over the 25 acre tract, which right-of-way was decreed to be the easement "granted" to appellees.

The rule in Texas on the matter of construing two or more instruments relative to conveyance of interests in lands is found in *Miles v. Martin,* 159 Tex. 336, 321 S.W.2d 62 (1959) and may be summarized as follows:

1. Instruments between the same parties may be construed together.

2. Instruments between different parties sometimes may be construed together when forming a single transaction.

3. To avail one's self of an advantage contained by recitals in another's instrument tending to enlarge the conveyance and grant a greater estate or additional property, such person must prove that he had knowledge of the terms of the other instrument to avail himself of such advantage.

4. Extrinsic declarations by one party to an unambiguous conveyance which are not binding upon the other party thereto cannot be used to create an ambiguity in the deed or alter the rights of the parties thereunder.

These principles continue to be viable. *Westland Oil Development Corporation v. Gulf Oil Corporation,* 637 S.W.2d 903 (Tex. 1982).

The appellees' and appellants' deeds are not between the same parties, although they have common grantors. There is no evidence, or alternatively insufficient evidence that the two conveyances constitute one transaction. Neither deed refers to the other. There is no evidence that appellees knew anything about the terms of the appellants' deed or that the appellants' deed was even in existence at the time of execution and delivery of the appellees' deed.

Therefore, we hold that the appellants' deed (i.e. the deed to the 25 acre tract) should not have been admitted into evidence. Admission of parol evidence to supply the missing description of the right-of-way over the 25 acre tract was also improper in that such evidence violates the Statute of Frauds. *Anderson v. Tall Timbers Corporation,* 378 S.W.2d 16 (Tex.1964).

In short, there is no evidence or alternatively insufficient evidence upon which the special issue could have been submitted to the jury.

Appellants' fourteen points of error, all of which pertain to the matters herein discussed, are sustained.

The judgment of the trial court is reversed and judgment is rendered for appellants. Costs of the appeal and of trial court are assessed against the appellees.