Edward PICK et ux., Petitioners,

v.

Walter BARTEL et ux., Respondents.

No. C–1850.

Supreme Court of Texas.

Nov. 9, 1983.

Henry & Hatcher, Jim J. Hatcher, Nancy Ondorvik Williams, Gainesville, for petitioners.

Stark, Barnhart & Morris, Richard S. Stark, Gainesville, for respondents.

McGEE, Justice.

We must determine the validity of a purported easement asserted by the Picks on a tract of land owned by the Bartels. The trial court, based upon a jury finding, rendered judgment decreeing an easement across the 25-acre Bartel tract. The court of appeals reversed and rendered judgment for Bartel. 643 S.W.2d 224. We affirm the judgment of the court of appeals.

Andrew Truebenbach owned two adjacent tracts of land, one containing 165 acres and the other, 25 acres. Truebenbach sold the 165-acre tract to Pick. The deed, dated August 20, 1971, contained the following language:

Grantors also guarantee grantees, their heirs and assigns, a right-of-way across the 25-acre tract sold to Walter Bartel.

The 25-acre tract was sold to Bartel by a deed dated August 25, 1971, and contained the following language:

There is also a further stipulation this conveyance directs that the grantors are designating that a right-of-way for a road shall be allowed to be had through and over the said 25 acres at a location

which will least interfere with the use of the 25 acres . . . .

Both deeds were prepared by the same attorney but were dated five days apart. Evidence concerning the location of a roadway on the Bartel tract was admitted at trial. There was conflicting testimony concerning the use of the roadway. According to the Picks, the primary use of the road was from November of 1979 when they moved onto the 165 acres until April of 1980 at which time, the Bartels placed locked gates at the entrances to the road preventing the ingress and egress of the Picks.

The Picks filed suit, alleging that an express easement was granted to them upon the Bartel property by virtue of their deed from the Truebenbachs. Over the Bartels' objection, both deeds were admitted into evidence. Pick contends that if the deed provision in question is construed in light of parol evidence consisting of the Bartel deed, the reference to the "25-acre tract sold to Walter Bartel" is sufficient to designate the servient estate. We disagree.

■ An easement is an interest in land which is subject to the Statute of Frauds. *Anderson v. Tall Timbers Corporation,* 378 S.W.2d 16, 24 (Tex.1964). It is well settled that in order for a conveyance or contract of sale to meet the requirements of the Statute of Frauds, it must, insofar as the property description is concerned, furnish within itself or by reference to other identified writings then in existence, the means or data by which the particular land to be conveyed may be identified with specific certainty. *Jones v. Kelley,* 614 S.W.2d 95, 99 (Tex.1981); *Morrow v. Shotwell,* 477 S.W.2d 538, 539 (Tex.1972); *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150, 152 (1945).

■ In *Wilson v. Fisher,* 144 Tex. 53, 188 S.W.2d 150 (1945), this Court stated:

The certainty of the contract may be aided by parol only with certain limitations. The essential elements may never be supplied by parol. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. Thus, resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum. *O'Herin v. Neal,* Tex.Civ. App., 56 S.W.2d 1105, writ refused.

The writing required by the Statute of Frauds, which identifies the servient estate of an easement, must contain the essential terms of a contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties. No part of the instrument is more essential than that which identifies the subject matter of the agreement. The words in the Pick deed "sold to Walter Bartel" does not identify the alleged servient estate with sufficient certainty to satisfy the Statute of Frauds, nor does it refer to some other existing writing, by which the alleged servient estate may be identified with sufficient certainty.

This Court has held that a description in a writing which states "my property," "my land," or "owned by me" is a sufficient description when it is shown by extrinsic evidence that the party to be charged owns a tract and only one tract of land which satisfies the description. In *Kmiec v. Reagan,* 556 S.W.2d 567 (Tex.1977), we held that when the grantor is stated to be the owner of the property to be conveyed and it is proved that the grantor owns only a single tract answering the description, the land is identified with reasonable certainty. When the description of property in a deed is uncertain, allegations of ownership are an important consideration. However, in *Wilson, supra* 188 S.W.2d at 154, the court stated:

[W]here the identity of the property is doubtful, ownership becomes an important element. No relief in this respect is afforded by respondent's signature to the instruments. It is not a necessary inference that Mrs. Fisher owned the property simply because she contracted to sell it.

*Starkey v. Texas Farm Mortgage Co.,* Tex.Civ.App., 45 S.W.2d 999, writ refused. The description of the property is otherwise wholly deficient. No city, county or state is mentioned in connection with its location.

In the instant case, we cannot infer that the "25-acre tract sold to Walter Bartel" refers to the alleged servient estate. The owner of the property referred to in the Pick deed is not stated. Moreover, since the Pick and Bartel deeds were dated five days apart, the 25-acre tract had *not* been sold to Bartel at the time the Pick deed was executed. No city, county or state is mentioned in connection with its location. No lot or block number is given, nor is there any indication as to the amount of land. No description by any particular name appears. In fact, every essential element of the description is left to inference or to be supplied by parol. To permit the Picks to show by parol evidence what land was under consideration would be, in effect, to abrogate the rule requiring contracts or the conveyance of land to be in writing. We need not reach the issue of whether the words "we guarantee" in the Pick deed are sufficient words of grant to convey an easement. We hold that, as a matter of law, the description of the land subject to the alleged easement will not support a suit to establish a roadway easement.

The judgment of the court of appeals is affirmed.