11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Double Diamond, Inc. and The Cliffs Property 

Owners= Association, Inc.

 

            Appellants 

Vs.                   No.
11-02-00277-CV B Appeal from Palo Pinto County

Forest C. Barber, Jr.; Carla Hunter Limbaugh; Jennifer 

Hunter Jones; Pamela Hunter Tippen; Richard R. Bailey; 

James C. May; and Patricia A. May

 

Appellees

 

This is an
appeal from the trial court=s ruling on competing motions for summary judgment in an easement
case.   We reverse the trial court=s judgment, and we render judgment that the
alleged agreement violates the Statute of Frauds.  We remand the case to the trial court for resolution of appellees= other causes of action. 








This suit
arises out of an easement dispute and the attempted settlement of that
dispute.  Appellees are owners of
certain properties in ANeely=s Slough@ and ABobwhite Bluffs@ on Possum Kingdom Lake. 
Appellees, along with others, held easements across other property for
ingress and egress to and from their individual properties.  This easement was known as ABrakeen Road.@  Appellants owned property on
Possum Kingdom Lake which consisted, in part, of a gated subdivision known as AThe Cliffs.@ Subsequent to the creation of the Brakeen Road easement, appellants
purchased the property upon which such easement existed. In an effort to
curtail vandalism which had been occurring at AThe Cliffs,@
appellants notified those who were using the Brakeen Road easement that they
intended to limit the use of the easement by placing a chain across the
entrance.  Appellants maintained that
vandals had been using Brakeen Road to enter AThe Cliffs@ for
the purpose of committing criminal activities. 
Appellants offered to allow appellees and others similarly situated to
obtain access to their individual property across AThe Cliffs@ property. Appellants ultimately wanted to limit or stop the use of
Brakeen Road, and they entered into negotiations toward that end.  In exchange, appellants offered to provide a
new easement to appellees= property, entering Athrough The Cliffs= main entrance@ and
then continuing across AThe Cliffs=
property.@ 
During an agreed trial period of the arrangement, appellants placed a
chain across Brakeen Road, and the parties continued to negotiate.  After negotiations stalled, appellants
installed Aone-way spikes@ in the exit lane of Brakeen Road, and they also installed an
electronic gate across Brakeen Road. 
The gate would not open without the proper access code; appellants made
this code available to appellees and others similarly situated.








Appellees
brought suit, asserting causes of action for breach of the original easement
agreement, civil trespass, and nuisance. 
After appellees filed the lawsuit, the parties entered into settlement
negotiations regarding the lawsuit.  A
trial was set for November 5, 2000.  On
November 2, 2000, the parties executed a letter in which they stated that they
would relocate the easement Athrough The Cliffs= main entrance and through The Cliffs= property to [appellees=] respective subdivisions.@  They also stated in the letter
that the Brakeen Road easement would remain in effect but that access would be
controlled by an electronic gate.  The
letter also contained additional details relating to other things, including
maintenance, access codes, and future owners. 
The letter further contained provisions for a 60-day continuance of the
November 5, 2000, trial date so that they might prepare the appropriate
documents.  In the final paragraph, the
parties stated that either party had the option to cancel the Amoratorium@ and request that the court set the matter for trial at the first
available trial setting.  Because the
settlement documents had not been completed, appellants sent another letter
dated January 5, 2001, the purpose of which was to extend the deadline for an
additional 60 days.  Both parties agreed
to this continuance.   By letter dated
January 31, 2001, appellants cancelled the extended 60-day moratorium and
notified appellees that it was their position that no enforceable settlement
agreement existed.  Appellees then
changed their petition to add a cause of action for breach of the settlement
agreement.  Each party filed a motion
for summary judgment. Although the trial court did not specifically refer to
the settlement agreement in its judgment on the competing motions for summary
judgment, it is clear to us that the judgment 
recognizes the validity of the settlement agreement.  In the judgment, the trial court established
an easement across AThe
Cliffs,@ established requirements pertaining to the
Brakeen Road easement, established certain other provisions pertaining to the
easement across AThe Cliffs,@ and also addressed other matters not involved in this appeal.  

Appellants
assert that the trial court erred in basically granting appellees= summary judgment on their claim for breach
of a settlement agreement.  Appellants
contend that the trial court erred in failing to grant their summary judgment
on appellees= claim of breach of the settlement
agreement.  In the alternative,
appellants assert that the trial court erred in basically enforcing the
settlement agreement after appellants had revoked their consent.  Finally, appellants argue that the trial
court erred in failing to sustain appellants= objections to appellees= summary judgment evidence. 

 A trial court must grant a motion for summary
judgment if the moving party establishes that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law. TEX.R.CIV.P.
166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991). Once the
movant establishes a right to a summary judgment, the non-movant must come
forward with evidence or law that precludes summary judgment.  City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678-79 (Tex.1979). 
When reviewing a summary judgment, the appellate court takes as true
evidence favorable to the non-movant. 
Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor. 
American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex.1997); Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546,
548-49 (Tex.1985).  A trial court
properly grants summary judgment for a defendant if the defendant establishes
all the elements of an affirmative defense. 
American Tobacco Company, Inc. v. Grinnell, supra.   In competing motions for summary judgment,
where the trial court grants one motion but denies the other, the reviewing
court should review each side=s summary judgment evidence and determine all questions presented.  This court will render the judgment that
should have been rendered by the trial court. 
Bradley v. State ex rel. White, 990 S.W.2d 245 (Tex.1999). 








Appellants
allege in their appeal that the November 2 letter is not an enforceable settlement
agreement because the language of the letter is an agreement to agree to a
future agreement, because each party had the option to opt out, and because the
remedy after the Aopt
out@ clause was initiated was to proceed with
trial.  Further, appellants argue that
the letter is unenforceable because it violated TEX. BUS. & COM. CODE ANN. ' 26.01 (Vernon 2002).  See also TEX. PROP. CODE ANN. ' 5.021 (Vernon 1984)(Statute of Frauds).  

We agree
with appellants that the letter does not comply with the Statute of
Frauds.  An easement is an express
interest in land that is subject to the Statute of Frauds.  Pick v. Bartel, 659 S.W.2d 636
(Tex.1983).  Whether a particular
agreement is subject to the Statute of Frauds is a question of law.  West Beach Marina, Ltd. v. Erdeljac, 94
S.W.3d 248, 265 (Tex.App. B Austin 2002, no pet=n).  To comply with the Statute
of Frauds, the easement must show, either in the writing itself or by referring
to some other existing writing, the means or data by which the land that is to
be conveyed may be identified with reasonable certainty.  The easement must provide enough information
from which the court can determine the intent of the parties, as well as the
essential terms of the easement, and must also provide an adequate description
of the location of the easement without resort to extrinsic evidence. West
Beach Marina, Ltd. v. Erdeljac, supra. 
Even in those instances in which extrinsic evidence may be appropriate,
it should not be used to supply the location or description of the
easement.  The location or description
of the easement is an essential term of the agreement and should be expressed
with clarity to show the intention of the parties.  Pick v. Bartel, supra.  If
an easement does not sufficiently describe the interest conveyed, then the
conveyance is void.  Pick v. Bartel,
supra. 

Even
assuming that there was an agreement between the parties in the November 2
letter,  the description of the easement
was inadequate.  The November 2 letter
contained the following language:

[S]hall grant to the
property owners in Neeley=s Slough and Bobwhite Bluffs Subdivisions a perpetual, free,
nonexclusive easement of ingress and egress (via an agreed, acceptable route) through
The Cliffs= main entrance and through The Cliffs= property to their respective subdivisions on
the same terms as the owners of property in The Cliffs.

 








There was clearly not an
identifiable location of the easement.  A[V]ia an agreed, acceptable route@ does not sufficiently describe the
conveyance and does not sufficiently show the intention of the parties.  This agreement violated the Statute of
Frauds.  A proposed draft of the
settlement  agreement was attached as
summary judgment evidence.  This draft
contained markings which changed the terms of the written agreement.  Furthermore, it was not signed by any
party.  Moreover, later communications
between the parties clearly showed that the easement route was not settled upon
and that there was no adequate description of the easement in the November 2
letter.  While appellees contend that
there is a description of the location of the easement attached to the
judgment, that writing did not exist at the time of the November 2 letter.  Further, it was not offered as summary
judgment evidence.  Nothing in the
summary judgment record sufficiently described the proposed route for the new
easement.  We sustain appellants= first and second issues on appeal.

Appellants
claim that appellees= claims
for breach of the original easement agreement, trespass, and nuisance were
abandoned when appellees filed their ASupplemental Petition.@  Appellees claim that the
petition is, in reality, an amended petition because it asserts a new cause of
action. 

In
determining the nature of a pleading, we must look to the substance of the
pleading and not just to the title given to the pleading.  J.M. Huber Corporation v. Santa Fe Energy
Resources, Inc., 871 S.W.2d 842 (Tex.App. B Houston [14th Dist.] 1994, no pet=n). A supplemental petition is a response to the last preceding
pleading by the other party and repeats allegations previously pleaded only
when necessary.  TEX.R.CIV.P. 69.  An amended petition, on the other hand, adds
to or withdraws from that which was previously pleaded, such as a new cause of
action.  TEX.R.CIV.P. 62.  An amended petition also supersedes all
prior petitions.  See Hawkins v.
Anderson, 672 S.W.2d 293 (Tex.App. B  Dallas 1984, no writ).








The
appellees filed a pleading titled ASupplemental Petition.@  This petition alleged a new
cause of action: breach of settlement agreement.  In addition, the petition incorporated by reference the prior
allegations in the original petition. 
While appellees=
incorporation of the original causes of action by reference to the original
petition was improper, such procedure was not void but, rather, was a pleading
defect that required that the opposing parties specially except to the alleged
defects under TEX.R.CIV.P. 90.  Hawkins
v. Anderson, supra.  Appellants did not
specially except to the ASupplemental Petition.@  Appellants raised the alleged
defect for the first time on appeal. 
Therefore, under the facts of this case, claims for breach of the
original easement agreement, trespass, and nuisance, as alleged in the original
pleading, are still pending.  We remand
those claims to the trial court.   We
need not consider appellants= remaining issues on appeal. 
TEX.R.APP.P. 47.1.

The
judgment of the trial court is reversed, and judgment is rendered that the
alleged agreement violated the Statute of Frauds and is unenforceable as a
matter of law.  The remainder of
appellees= claims made in the trial court are remanded
to the trial court for resolution. 

 

JIM
R. WRIGHT

JUSTICE

 

August 7, 2003

Not designated for
publication.  See TEX.R.APP.P. 47.2(a).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.