# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00143-CV

**Timothy Chambers, Appellant**

**v.**

**Jesse Lee Ochiltree, Charles Henry, and Brenda Sterling, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. GN301202, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Timothy Chambers, intervenor in an action to partition real property by sale, appeals the trial court's final judgment holding that an agreement to sell a home was not valid, did not satisfy the statute of frauds, and could not be enforced by specific performance. Chambers also appeals the trial court's award of attorney's fees to the plaintiffs in the underlying action. We affirm the judgment of the trial court.

## BACKGROUND

In June 2001, appellees Jesse Lee Ochiltree, Charles Henry, and Brenda Sterling, who are siblings, inherited a single family home from their deceased parents. Each sibling held a one-third undivided interest in the property. Ochiltree and Henry, who had been living with their parents, both remained on the property. They made one mortgage payment together, and then Henry moved

out. Ochiltree remained in the home but was unwilling to make payments without Henry's assistance and missed a second mortgage payment. In the summer of 2002, foreclosure notices were sent to the home address.

Worried about losing the home, Sterling contacted a home investing company and received an offer on the home. Ochiltree then decided to consult with Timothy Chambers, a real estate developer and attorney who had helped him with a prior legal problem. After the initial meeting, Ochiltree returned with a handwritten offer that was drafted by Sterling and addressed to Chambers. The offer was signed by all the siblings and stated:

> We agree to sale [sic] our half of our parents' home. For the amount of $10,000 each. We will turn over the title deed. Also the home loan will be paid off in full.

The addendum "pay Travis Co. taxes" was written beneath the siblings' signatures. This offer was dated October 6, 2002. Chambers wrote "accepted" and signed the offer. Chambers and Ochiltree orally agreed that Ochiltree would remain in the home and that Chambers would sell the property back to Ochiltree for $60,000.

Timothy Chambers took some steps toward closing the sale by ordering a title commitment, arranging and paying for a survey, and determining the existence and effects of a second lien. The second lien secured a debt between fifteen and twenty-five thousand dollars, but a prior bankruptcy made it unclear whether there was any legal obligation to pay it. Chambers assumed potential liability for the second lien so that the title company would agree to close. In February 2003, Chambers told Ochiltree and Sterling that he was ready to close; he sent a letter to that effect in April.

2

Sterling, however, had become dissatisfied with the delay and contacted a lawyer in February. Sterling had exercised power of attorney for her brother, Charles Henry, since May 2000 because he had serious health problems. On April 15, 2003, Sterling and Henry filed a petition to partition the property they owned jointly with Ochiltree. Although Sterling and Henry felt it would be more beneficial to collect the proceeds from a partition by sale, Ochiltree wanted to sell the property to Chambers so that he could continue living in the house. Nevertheless, the partition by sale was uncontested until Chambers filed a plea in intervention alleging an enforceable contract to buy the property and demanding specific performance. Sterling filed a response to the intervention asserting that no agreement existed and that the document offered by Chambers did not meet the requirements of the statute of frauds. On November 10, 2003, Sterling filed an amended petition to partition and a petition for declaratory judgment. Chambers supplemented his plea in intervention on the same day.

On November 17, the trial court conducted a bench trial, found that the property was not subject to partition in kind, and ordered the property sold. The trial court found that the alleged agreement to sell the property to Chambers did not meet the requirements of the statute of frauds and could not be enforced. The trial court further found that Chambers should pay the attorney's fees incurred by Sterling and Henry.

## DISCUSSION

Chambers raises two issues on appeal. First, he contends the trial court erred by concluding that the written agreement did not meet the statute of frauds. Second, Chambers asserts that an award of attorney's fees under the Uniform Declaratory Judgments Act was improper, and

in the alternative, that an award should only be granted for those attorney's fees accruing after the date the declaratory judgment action was filed.

### *Enforceability of Sale*

Chambers contends that the written memorandum of his agreement with Sterling, Henry, and Ochiltree to purchase the property does meet the requirements of the statute of frauds and should be enforced by specific performance. Chambers maintains that the handwritten offer signed by all parties to the lawsuit contains all the necessary elements of a contract for the sale of real property.

A contract for the sale of real property must comply with the statute of frauds in order to be enforceable. *See* Tex. Bus. & Com. Code Ann. § 26.01 (West 1987). Whether a contract meets the requirements of the statute of frauds is a question of law. *Bratcher v. Dozier*, 346 S.W.2d 795, 796 (Tex. 1961). The appellate court is not bound by the trial court's conclusions of law but will uphold the judgment if it can be sustained on any legal theory supported by the evidence. *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.—Austin, 1992, no writ).

The statute of frauds requires an agreement to be in writing and signed by the party to be charged. Tex. Bus. & Com. Code Ann.§ 26.01. The required writing must contain all the essential terms of a contract, expressed with such clarity and certainty that it may be understood without resort to parol evidence. *Pick v. Bartel*, 659 S.W.2d 636, 637 (Tex. 1983). One of the essential elements of a contract for the sale of land is a reasonably certain description of the land to be conveyed. *Hereford v. Tilson*, 200 S.W.2d 985, 988 (Tex. 1945). A written agreement for the

4

conveyance of land is void if it does not contain a sufficient legal description of the property. *See City of Austin v. Jamail*, 555 S.W.2d 150, 151 (Tex. Civ. App.—Austin, 1977, writ ref'd n.r.e.). The parties disputed the sufficiency of the legal description of the property at trial and in their briefs. The trial court specifically addressed the property description and found that the written agreement did not appropriately designate the property.

Chambers proffers the one-page handwritten agreement, along with a tax notice and a bank collection notice. He contends that the contract consists of all three pages and claims the pages were attached when he signed the handwritten agreement. Sterling testified that the contract was only one page. If the contract is only the handwritten offer signed by all three siblings, it describes the property simply as "our parents' home." If, however, the contract includes the tax notice and collection notice, then the property description consists of a mailing address, parcel number, and lot and block number, all found on the tax notice. The tax notice is signed by the tax collector but not by any of the parties to this dispute. The bank notice also includes a mailing address, but again, it is not signed by any party.

We have reviewed the documents and hold as a matter of law that the contract consists of only the handwritten agreement; the other notices are not referenced and do not meet the requirements of a valid memorandum. A contract for sale of land may reference other identified writings to furnish the property description of the land to be conveyed. *See Bartel*, 659 S.W.2d at 637. Yet if a memorandum is to be supplemented with other documents, the connected instruments must show their connection by internal reference. *Douglass v. Texas-Canadian Oil Corp.*, 174 S.W.2d 730, 731 (Tex. 1943). "A mere physical connection between two or more instruments is not

5

enough to warrant their consideration together to make one of them sufficient under the statute of frauds." *Id.* As this offer does not refer to any other writing as a means by which the land may be identified, the description of the property is found solely in the first document and is simply "our parents' home."

A description in a memorandum or contract that uses such words as "my property," "my land," or "owned by me," may only be sufficient to designate the property when it is shown by extrinsic evidence that the party to be charged owns only one tract of land answering the description in the memorandum. *Pickett v. Bishop*, 223 S.W.2d 222, 223 (Tex. 1949). The phrase "our parents' home" is similar to the property descriptions discussed in *Pickett* and therefore requires extrinsic evidence to show that only one tract of land fits the description. Chambers did not produce any extrinsic evidence demonstrating the sufficiency of the description "our parents' home"; therefore, the agreement does not appropriately designate the property. *See id.*

Even if Chambers had introduced extrinsic evidence showing the sufficiency of the property description, the document would still fail to meet the requirements of the statute of frauds for other reasons. The statute of frauds requires a contract or memorandum for a sale of land to be "so reasonably definite and certain within itself or by other writing referenced so that the contract can be made out as to the parties, consideration and subject matter without a resort to parol evidence." *Johnson v. Granger*, 51 Tex. 42, 44-45 (1879). The handwritten agreement is ambiguous about the sellers and the consideration. The heading states that it is from Charles Henry and Brenda Sterling, but the document is signed by all three siblings. It is unclear whether this is an offer from two or three people. The offer itself, an agreement to sell "our half of our parents' home," suggests

6

that there are only two sellers. In any event, "our half" cannot be interpreted with certainty as a reference to the combined interests of all three siblings because there are no half-interests held by any of them. This language could mean that all three siblings agree to transfer their interest, or that only Sterling and Henry wish to convey one-half of their undivided interest in two-thirds of the property. In addition, the terms of the payment are unclear as to who is assuming the responsibility to pay the mortgage and back taxes. There is even ambiguity about how many mortgages must be paid. As for the consideration, the document merely states "[a]lso the home loan will be paid off in full" and "pay Travis Co. taxes." Because the contract is uncertain as to the sellers, the consideration, and the property description, the contract does not satisfy the requirements of the statute of frauds.

Since the written agreement in this case does not clearly express the essential terms of a contract for sale of land, we affirm the trial court's judgment that the agreement did not pass the statute of frauds and cannot be enforced by specific performance.

***Attorney's Fees***

In his second issue, Chambers contends that the trial court erred by granting attorney's fees to the siblings because the declaratory judgment action was brought solely as a vehicle to obtain attorney's fees. In the alternative, Chambers argues that if an attorney fee award is granted, it should only be calculated from the day that the declaratory judgment action was filed.

The Uniform Declaratory Judgments Act provides that a court may award reasonable and necessary attorney's fees as are equitable and just. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1986). Attorney fee awards under the Uniform Declaratory Judgments Act are left to the trial

7

court's sound discretion, subject to the requirement that any fees awarded be reasonable and necessary, which is a question of fact, and to the additional requirement that fees be equitable and just, which is a question of law. *Boquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). In reviewing an attorney fee award under the Act, this court must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary or were equitable and just. *Id.* A trial court abuses its discretion if it rules arbitrarily, unreasonably, or without reference to guiding legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The appellate court may not reverse for abuse of discretion based on mere disagreement with the decision of the trial court. *Downer*, 701 S.W.2d at 242.

It is an abuse of discretion for a trial court to award attorney's fees under the Uniform Declaratory Judgments Act when the statute is relied upon solely as a means of obtaining attorney's fees. *See Whiteside v. Griffis & Griffis, P.C.*, 902 S.W.2d 739, 747 (Tex. App.—Austin 1995, writ denied). The statute is an improper vehicle for attorney's fees when a declaratory judgment action fails to raise any new issues that are not already before the court. *See id.*

In this case, Chambers intervened in Sterling and Henry's partition action. His plea in intervention alleged breach of contract, requested specific performance, and sought attorney's fees. Sterling and Henry responded by amending their petition to include a request for declaratory judgment and attorney's fees. On the same day, Chambers supplemented his plea in intervention with a request for a declaratory judgment and attorney's fees. After a bench trial, the trial court specifically ruled on the declaratory judgment claims:

8

With regard to the petitions for Declaratory Judgment filed by Plaintiffs and Intervenor, the Court finds that the alleged Agreement as reflected in Intervenor's number one is not an Agreement. The Court finds it to be null and void.

Chambers contends that the trial court abused its discretion by awarding attorney's fees to Sterling and Henry because their declaratory judgment action was an improper vehicle for the recovery of attorney's fees. *See id.* We agree that Sterling and Henry's declaratory judgment claim raised no new issues beyond those raised by Chambers's plea in intervention. However, Chambers also sought a declaratory judgment and attorney's fees. A trial court may award attorney's fees to a party that successfully defends against a declaratory judgment claim. *See Cadle Co. v. Harvey,* 46 S.W.3d 282, 289 (Tex. App.—Fort Worth 2001, pet. denied) ("an award of attorney's fees under the statute is not limited to the plaintiff or party affirmatively seeking declaratory relief"); *Whiteside*, 902 S.W.2d at 747. Sterling and Henry successfully defended against Chambers's declaratory judgment action. Under these facts, it was within the trial court's discretion to award attorney's fees. *See Cadle Co.*, 46 S.W.3d at 289.

Chambers next contends that the trial court abused its discretion by awarding attorney's fees for work performed prior to the filing of the declaratory judgment actions. The party seeking attorney's fees has the duty to segregate the attorney's fees incurred for the claims where attorney's fees are recoverable from those claims where attorney's fees are not recoverable. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). A failure to segregate attorney's fees can result in a judgment rendering no attorney's fees or remanding the case for more evidence on the issue. *Id.* at 11. However, if no objection is made to the failure to segregate, then the objection is waived. *Green Intern., Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997).

9

Chambers made no objection at trial to the testimony of Sterling and Henry's attorney as to his fees or to the introduction of his time records, which dated back to his first contact with Sterling. The testimony revealed that attorney's fees incurred for the declaratory judgment were not segregated from those incurred for the partition action. Although Sterling and Henry's attorney had a duty to segregate the fees incurred for the declaratory judgment portion of the case, Chambers waived his objection by failing to raise it at trial. *See Solis*, 951 S.W.2d at 389. We overrule Chambers's second issue.

## CONCLUSION

We hold that the written agreement for sale of real property does not meet the requirements of the statute of frauds, and as a result, may not be enforced. We further hold that attorney's fees were available in light of Chambers's declaratory judgment claim and that Chambers waived any objection to the failure to segregate attorney's fees. Therefore, we affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   December 9, 2004