

IN THE
TENTH COURT OF APPEALS

No. 10-08-00405-CV

**ENBRIDGE PIPELINES (EAST TEXAS) L.P.,**

Appellant

v.

**CAMP COOLEY, LTD,**

Appellee

From the 82nd District Court
Robertson County, Texas
Trial Court No. 06-09-17,595A-CV

## MEMORANDUM  OPINION

Enbridge Pipelines (East Texas) L.P. appeals the judgment of the trial court that granted the partial motion for summary judgment filed by Camp Cooley, Ltd.  TEX. R. CIV. P. 166a(c).  Enbridge complains that the trial court erred in its determination that Camp Cooley established as a matter of law that they were not "unable to agree" on the amount of damages, but in fact had orally agreed as to the amount of damages.  The trial court also denied Enbridge's traditional and no-evidence motions for summary judgment, which Enbridge did not appeal.  The trial court severed out several remaining claims, making the judgment entered by the trial court in this cause a final

judgment for purposes of appeal. Because we find that the trial court erred in determining that the oral agreement did not violate the statute of frauds and was enforceable, and that Enbridge satisfied its burden that the parties are unable to agree on the amount of damages, we reverse and remand.

*Factual Background*

In the spring of 2006, Enbridge approached Camp Cooley regarding their desire to purchase up to three easements across Camp Cooley's property for the purpose of laying natural gas pipelines. Representatives from Enbridge met with representatives from Camp Cooley to discuss the easements on May 22, 2006. The only agreement made at this meeting was that the price for the easements would be $600.00 per rod for a permanent easement and $350.00 per rod for a term easement, at Enbridge's election. There was no agreement as to the exact location or length of the easements, and it was disputed as to whether there was an agreement as to the width of the easements. It was undisputed that there was no written agreement or other memorialization created or executed at this meeting.

Shortly after the meeting, attorneys from Camp Cooley submitted proposed easement documents to Enbridge, which were never executed by Enbridge. Enbridge then submitted written offers to Camp Cooley beginning in July of 2006 setting forth their proposed offers for three easements, with full legal descriptions of the lands to be included in the easements, which proposed to pay Camp Cooley far less than the $600.00 per rod for a permanent easement. Camp Cooley rejected the offer, contending

that an agreement had already been reached as to the amount of the damages Enbridge would pay Camp Cooley for the easements based on the $600.00 per rod figure.

Enbridge then filed its first petition with the trial court, asking for the trial court to appoint three special commissioners to determine the amount of damages for the creation of two easements. Camp Cooley filed a petition alleging causes of action for breach of contract and trespass in a separate cause number. Approximately a month later, Enbridge filed a second petition in a different cause number regarding a third condemnation.[1] Camp Cooley did not participate in this process, but filed an objection to the award, which resulted in the proceedings taking place in the trial court. The trial court consolidated the three causes at Camp Cooley's request, to which Enbridge objected.

*Condemnation Proceedings*

Section 21.02 of the Texas Property Code provides:

(a) If the United States, this state, a political subdivision of this state, a corporation with eminent domain authority, or an irrigation, water improvement, or water power control district created by law wants to acquire real property for public use but is unable to agree with the owner of the property on the amount of damages, the condemning entity may begin a condemnation proceeding by filing a petition in the proper court.

(b) The petition must:

(1) describe the property to be condemned;

(2) state the purpose for which the entity intends to use the property;

(3) state the name of the owner of the property if the owner is known; and

---

[1] There is a dispute between the parties as to whether this easement was encompassed in the prior agreement to pay $600.00 per rod, or whether this request arose after the meeting, and therefore, the $600.00 per rod figure should not apply. Because of our holding regarding the statute of frauds, it is not necessary to reach this issue.

(4) state that the entity and the property owner are *unable to agree* on the damages.

TEX. PROP. CODE ANN. § 21.012 (Vernon 2004) (emphasis added).  The condemnation petitions filed by Enbridge in the trial court contained all of the foregoing statutory allegations, including a statement that Enbridge and Camp Cooley were unable to agree on the damages for the easements to be condemned.

## *Standard of Review*

We review the trial court's granting of a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  The movant in a traditional summary judgment motion must show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  *See* TEX. R. CIV. P. 166a(c).  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *Valence Operating Co.*, 164 S.W.3d at 661.  If the movant establishes their right to a judgment as a matter of law, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact, which precludes the granting of a motion for summary judgment.  *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).  Evidence is conclusive only if reasonable people could not differ in their conclusions.  *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).  When the trial court does not specify the grounds upon which it ruled, the judgment may be affirmed if any ground stated in the motion is meritorious.  *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

Further, "[w]hen both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented and render the judgment the trial court should have rendered." *Canyon Reg'l Water Auth. v. Guadalupe-Blanco River Auth.*, 258 S.W.3d 613, 616 (Tex. 2008) (*citing Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004)).

Enbridge argues that the statute of frauds mandates that any offers or agreements for the terms of the easement be in writing in order to be enforceable. *See* TEX. BUS. & COMM. CODE ANN. § 26.01 (Vernon 2009). Enbridge also contends that regardless of whether a specific amount was orally agreed upon by the parties, there were additional terms and conditions that were not included in the exchange, and therefore, any agreement was merely an "agreement to agree," but was not an enforceable contract. Camp Cooley contends that the statute of frauds does not apply to this situation and that the only thing to be agreed upon was the amount of damages. It is undisputed that there is no written agreement regarding the amount of damages to be paid. It is also undisputed that the amount allegedly agreed upon was $600.00 per rod for a permanent easement or $350.00 per rod for a term easement.[2]

*Statute of Frauds*

Section 26.01 of the Texas Business and Commerce Code states in relevant part as follows:

---

[2] A rod is a linear measure equal to 5.5 yards or 16.5 feet (5.03 meters).

A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . .

(4) a contract for the sale of real estate . . . .

TEX. BUS. & COM. CODE ANN. § 26.01. An easement is an express interest in land that is subject to the statute of frauds. *Pick v. Bartel*, 659 S.W.2d 636, 27 Tex. Sup. Ct. J. 73 (Tex. 1983). Whether a contract for an easement meets the requirements of the statute of frauds is a question of law. *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795, 796 (Tex. 1961); *West Beach Marina, Ltd. v. Erdeljac*, 94 S.W.3d 248, 264 (Tex. App.—Austin 2002, no pet.).

The issue, then, is whether an agreement as to the amount of damages to be paid in a condemnation stands alone or must be considered in totality with the entire easement to be created, which is the basis of the condemnation. It is undisputed that the precise location for the placement of the easements was not agreed to in the meeting on May 22, 2006, when the agreement on the price per rod at issue here was reached. We believe that the entire easement must be considered in order to determine whether or not the agreement had to be in writing to be enforceable. Down to the most basic level, the transaction at stake in this matter involved the exchange of an interest in real property for compensation or damages. Therefore, the statute of frauds applies as the

basis of the transaction is the sale of real estate. The lack of a written agreement does not satisfy the statute of frauds, and therefore, is not an enforceable agreement. The trial court erred in granting Camp Cooley's motion for partial summary judgment based on the oral agreement. We further find that the judgment the trial court should have rendered was to find that the oral agreement to pay $600.00 per rod violated the statute of frauds, and that Enbridge has satisfied its burden that the parties were unable to agree on the amount of damages to be paid. The trial court should have granted Enbridge's motion for summary judgment on that issue. This leaves a fact question to be determined as to the appropriate amount of damages to be paid by Enbridge. We sustain Enbridge's sole issue.

*Conclusion*

We find that the oral agreement as to the amount of damages to be paid by Enbridge to acquire the easements violates the statute of frauds and is unenforceable. We find that the trial court erred in its determination that there was an enforceable agreement to pay $600.00 per rod based on the oral agreement. We find that Enbridge satisfied its burden that the parties were unable to agree on the amount of damages to be paid, and therefore, there is a fact issue to be determined regarding the amount of damages. We reverse the judgment of the trial court and remand for further proceedings.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Justice Davis concurs as to the judgment only)
Reversed and remanded
Opinion delivered and filed January 20, 2010
[CV06]