**Opinion filed October 8, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00288-CV

_____

## DAYSTON, LLC, Appellant

## V.

## JONATHAN D. BROOKE, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV-34805**

## O P I N I O N

Jonathan D. Brooke (Appellee) sued Dayston, LLC (Appellant), seeking a declaratory judgment to void a Farm and Ranch Contract (the Agreement) due to an inadequate property description. Appellee also sought the return of earnest money held in escrow. The trial court granted summary judgment in favor of Appellee, declared the Agreement void, and ordered the earnest money returned. We affirm.

*Factual and Procedural History*

On October 24, 2017, Appellant, as the seller, and Appellee, as the buyer, executed the Agreement for the purchase of real property. The Agreement described the lands as "[t]he land situated in the County of Erath, Texas, described as follows: 3379 FM Hwy 913, 515 Tennyson Dr, and +/- 81.50 AC of A0681 Smith Hancock and A0057 DW Babcock or as described on attached exhibit, also known as Exhibit A." Exhibit A further described the land as:

3379 FM HWY. 913 STEPHENVILLE, TX 76401
To Include:
Legal: Acres: 8.290, A0057 BABCOCK D W; & HOUSE
Legal: Acres: 1.740, A0057 BABCOCK D W;

515 TENNYSON DRIVE STEPHENVILLE, TX 76401
To include:
Acres: 8.246, S8010 SIMS CREEK SUBD, TRACT 1;
Legal: Acres: 10.290, A0057 BABCOCK D W;

81.50 Acres - Part of A0681 SMITH HANCOCK & A0057 D W
BABCOCK (1.91 ACS) Parcel.
*Please note the 81.50 acre parcel is being surveyed and renamed.
Title company will convey the new legal address once completed.

Appellee filed a motion for summary judgment asserting that the Agreement was void under the statute of frauds because the property description was insufficient. Appellant argued that the property description was sufficient and that there was a genuine issue of material fact because a person familiar with the area could locate the land with reasonable certainty, including Appellee, who had visited the land on multiple occasions. Appellant further argued that the Agreement allowed Appellant to provide a survey "within 5 days of the effective date" of the Agreement and that the survey was referenced by the Agreement, which satisfied the statute of

frauds. Appellant attached seven exhibits to its amended summary judgment response: affidavits from Appellant and Appellant's employee, e-mails between the parties and their representatives, a land survey, and several illegible copies of documents.

The trial court granted Appellee's motion for summary judgment. It found that the land description was inadequate, rendering the Agreement void. The trial court also found that the extrinsic evidence offered by Appellee was inadmissible to cure the inadequate description and that the illegible copies of documents were unauthenticated and otherwise inadmissible. All monies held in escrow were ordered returned to Appellee. Appellant moved for a new trial on August 22, 2018. The trial court did not rule on the motion, and it was overruled by operation of law. TEX. R. CIV. P. 329b(c) (stating that motions for new trial not disposed of by written order within seventy-five days of a final judgment are considered overruled by operation of law).

Appellant now raises two issues on appeal. First, Appellant argues that the description in the Agreement, which incorporated the land survey, was sufficient to satisfy the statute of frauds. Second, Appellant argues that the extrinsic evidence offered in response to the summary judgment was sufficient to create a genuine issue of material fact as to whether a person familiar with the area could locate the land with certainty.

Appellee challenges the timeliness of Appellant's response to the motion for summary judgment below and argues that the land survey and other attached extrinsic evidence are not properly before this court for review.

*Standard of Review*

We review an appeal from a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The movant bears the burden of proof and must show that there is no genuine issue of

3

material fact as to an essential element of the claim, which entitles the party to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). We review the evidence in the light most favorable to the nonmovant, drawing reasonable inferences and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

*Analysis*

We first address, as a threshold issue, Appellee's argument that Appellant's summary judgment response below was untimely and, as a result, not before this court for review. We note that Appellant filed both an untimely response and an untimely amended response. To be timely, a nonmovant must file summary judgment responses at least seven days before the summary judgment hearing, unless the court grants leave to file it later. TEX. R. CIV. P. 166a(c). The summary judgment hearing took place on July 18, 2018. Appellant filed the original response on July 12 at 11:18 a.m. and the amended response four hours later at 3:11 p.m. Appellant's amended response intended to cure an omitted exhibit.

We presume that a trial court does not consider late-filed evidence without an affirmative showing of acceptance in the record. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 374 (Tex. App.—San Antonio 1999, pet. denied). However, the record contains affirmative evidence that the trial court did consider Appellant's responses. The trial court's final judgment states that the court considered "all motions [and] pleadings." *See, e.g.*, *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) (finding an amended pleading part of the record, despite untimely filing, when the trial court's judgment stated that all pleadings on file were considered by the court). As such, we conclude that Appellant's amended response and attached exhibits are properly before this court for review.

We now turn to Appellant's first issue, whether the Agreement contained a sufficient legal description of the property to satisfy the statute of frauds. To be valid, a contract for the sale of real property must satisfy the statute of frauds; the contract must be in writing and signed by the person to be charged. TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4) (West 2015); TEX. PROP. CODE ANN. § 5.021 (West 2014). Because the statute requires a signed writing, the knowledge and intent of the parties has no effect on the validity of the contract. *Reiland v. Patrick Thomas Props., Inc.*, 213 S.W.3d 431, 437 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("Even when 'the record leaves little doubt that the parties knew and understood what property was intended to be conveyed, . . . the knowledge and intent of the parties will not give validity to the contract and neither will a plat made from extrinsic evidence.'" (quoting *Morrow v. Shotwell*, 477 S.W.2d 538, 540 (Tex. 1972))).

It is well settled that the writing must furnish "within itself or by reference to other identified writings then in existence, the means or data by which the particular land to be conveyed may be identified with specific certainty." *Pick v. Bartel*, 659 S.W.2d 636, 637 (Tex. 1983) (citing *Morrow*, 477 S.W.2d at 539). Courts may construe multiple writings prepared for the same transaction as one contract. *See, e.g.*, *Wilson v. Fisher*, 188 S.W.2d 150, 152 (Tex. 1945). However, any documents referred to and incorporated in the contested agreement must be in existence at the time the parties executed the contested agreement. *Boddy v. Gray*, 497 S.W.2d 600, 603 (Tex. App.—Amarillo 1973, writ ref'd n.r.e.). If the writing and other identified writings do not sufficiently describe the property to be conveyed, then the conveyance violates the statue of frauds and is voidable. *Pick*, 659 S.W.2d at 637; *Troxel v. Bishop*, 201 S.W.3d 290, 300 (Tex. App.—Dallas 2006, no pet.); *Eland Energy, Inc. v. Rowden Oil & Gas, Inc.*, 914 S.W.2d 179, 186 (Tex. App.—

San Antonio 1995, writ denied) ("A contract that fails to meet the requirements of the statute of frauds is not void but is merely voidable.").

Although the writing does not have to list metes and bounds, it must furnish data that identifies the property with reasonable certainty. *May v. Buck*, 375 S.W.3d 568, 574 (Tex. App.—Dallas 2012, no pet.). The description must typically "furnish enough information to locate the general area . . . by tract survey and county, [and] it need contain information regarding the size, shape, and boundaries." *Reiland*, 213 S.W.3d at 437. When it is possible that more than one tract of land fits the description, the statute of frauds is not satisfied. For example, an unidentified portion of a larger tract is insufficient. *See, e.g.*, *Morrow*, 477 S.W.2d at 540 (finding land described as "[t]he north acreage . . . out of 145.8 acre tract of the Jefferson McGrew Survey No. 245" insufficient to satisfy the statue of frauds).

Texas courts have likewise held that a street address, standing alone, may be insufficient if there is uncertainty about the amount of land in the conveyance. *See, e.g.*, *Friedlander v. Christianson*, 320 S.W.2d 404, 407 (Tex. App.—Houston 1959, no writ) (finding a conveyance describing a house by address insufficient because the conveyance did not also specify whether, or how much of, the underlying tract of land was included). However, a street address may be sufficient in other circumstances when only one tract of land meets the description. *See, e.g.*, *Butler v. Benefield*, 589 S.W.2d 778, 780 (Tex. App.—Dallas 1979, writ ref'd n.r.e.). The certainty of the description of the land may be aided by parol evidence "only with certain limitations," and "[t]he essential elements may never be supplied by parol." *Wilson*, 188 S.W.2d at 152.

Courts allow parol evidence when the writing contains a "nucleus of description"—or descriptive words that can help clarify the property in question. *See, e.g.*, *Smith v. Sorelle*, 87 S.W.2d 703, 705 (Tex. 1935). The extrinsic evidence cannot be the sole means to "supply[] the location or description of the land" and

6

can only help identify the land "from the data in the [writing]." *Wilson*, 188 S.W.2d at 152 (citing *O'Herin v. Neal*, 56 S.W.2d 1105 (Tex. App.—Texarkana 1932, writ ref'd)). For example, courts have held that words of ownership may be used as a nucleus of description to identify land with reasonable certainty. *See Pickett v. Biship*, 223 S.W.2d 222, 223 (Tex. 1949) (contemplating "my property," "my land," or "owned by me" as descriptive words that allow the use of extrinsic evidence to show that the seller owns only one tract of land matching the description in the writing); *Sanderson v. Sanderson*, 109 S.W.2d 744, 747 (Tex. [Comm'n Op.] 1937) (upholding the language "Mrs. Kelton's farm in Haskell [C]ounty" when Mrs. Kelton owned only one farm in Haskell County).

Here, the Agreement appears to contemplate three separate tracts of land in a single conveyance. The Agreement lists the lands, separated by a series of commas and a conjunction, as two street addresses and an estimated number of acres within a larger tract: "3379 FM Hwy 913, 515 Tennyson Dr, and +/- 81.50 AC of A0681 Smith Hancock and A0057 DW Babcock or as described on attached exhibit, also known as Exhibit A." On its face, "+/- 81.50" acres is an indefinite amount and insufficient to describe land with certainty. The incorporated exhibit adds little clarity. The exhibit again describes the land as two street addresses, listing the accompanying acres, and 81.50 acres from two larger tracts of land. Under *Morrow* and its progeny, the description of the land is insufficient to identify it with certainty. *See Morrow*, 477 S.W.2d at 540.

Appellant contends that the insufficient description is cured for two reasons. First, Appellant argues that the conveyance can be located with reasonable certainty because Appellee "personally visited the property on at least 3 occasions." This argument is unpersuasive and directly opposed to the Texas Supreme Court's finding in *Morrow* that the "knowledge and intent of the parties will not give validity to [an agreement]." *Id.*

7

Second, Appellant argues that the survey offered as an exhibit to the amended summary judgment response is incorporated into the Agreement by reference because the Agreement declares that "the 81.50 acre parcel is being surveyed and renamed" and that the title company "will convey the new legal address once completed." Appellant argues that the referenced survey "was actually already completed on Septembe [sic] 16, 2017" and is part of the agreement as a document in existence. This argument is also unpersuasive. The Agreement specifically states that the "parcel is being surveyed" and that "the new legal address" will be provided "once completed." The Agreement may contemplate another document, but such document was not "then in existence" at the time the Agreement was executed as required under supreme court precedent. *Pick*, 659 S.W.2d at 637 (citing *Morrow*, 477 S.W.2d at 539) (requiring incorporated documents to exist at the time of the contested agreement).

Even if the September survey was the survey contemplated by the parties in the Agreement, the trial court cannot look to parol evidence to supply an essential element of an agreement. *Wilson*, 188 S.W.2d at 152. Because the conveyance is not sufficiently described in the Agreement and because the survey referenced in the agreement did not exist in completed form at the time of execution, the trial court was correct in ruling that the extrinsic evidence offered by Appellant was inadmissible and in declaring that the Agreement is void under the statute of frauds. Accordingly, we overrule Appellant's first issue on appeal.

Having determined that the trial court did not err when it refused to consider the extrinsic evidence offered by Appellant because that extrinsic evidence constituted inadmissible parol evidence, we need not address Appellant's second issue arguing that the extrinsic evidence offered in response to the summary judgment was sufficient to create a genuine issue of material fact. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We affirm the judgment of the trial court.

KEITH STRETCHER

JUSTICE

October 8, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.